1844.

Post
v.
Boardman.

---

## Post & Fellows *vs.* S. & J. Boardman.

Where the payee of an usurious note pretended to have sold and transferred the same to a third person, in whose name a suit at law was brought upon the note, whereby the makers of the note were induced to suppose that the payee of the note could be examined by them as a witness in that suit to prove the usury, and when called as a witness at the trial, such payee testified that he was one of the real plaintiffs in interest in the suit, and declined to testify as to the alleged usury; and from the state of the pleadings he could not be examined as a plaintiff under the act of 1837, for the prevention of usury; *Held*, that the defendants in the suit at law could sustain a bill in chancery against the real plaintiffs in the suit at law, for discovery and relief; upon the ground that such defendants had been deceived and defrauded out of their defence at law.

The defendant in a suit at law cannot file a bill of discovery, against the plaintiff and another person who is a mere witness, to obtain a discovery from the latter, in aid of the defence at law; although the plaintiff in the suit at law has derived his title to the subject matter of the suit from or under the person from whom such discovery is sought.

March 5.   THIS was an appeal from a decretal order of the vice chancellor of the eighth circuit, overruling the separate de-

murrers of the defendants to the complainants' bill. The facts upon which the decision of the vice chancellor was founded, are stated in the report of the case when it was before him upon the original bill, and afterwards upon the amended bill. (1 *Clarke's Ch. Rep.* 333, 524.)

*C. M. Lee,* for the appellants.

*E. Darwin Smith,* for the respondents.

THE CHANCELLOR. The court for the correction of errors in the recent cases of *Henry* v. *The Bank of Salina,* and of *Stevens* v. *White,* decided in September last, has sustained the opinion of the vice chancellor, in this case, that the real plaintiff in interest, as well as the nominal plaintiff upon the record, may be examined as a witness to prove the usury, under the act of May, 1837. The complainants, therefore, would have had a perfect remedy or defence at law, so far as relates to the mere discovery of the usurious nature of the contract upon which their note was given, if they had not been misled by the fraud of these defendants in making a pretended transfer of the note, to one of them who could not prove the facts, and bringing the suit in his name, and then surprising the complainants at the trial by the fact that the note did not belong to him alone, but to him and the original holder thereof jointly. The only question, therefore, is whether this court should permit a trick of this kind to succeed, so as to deprive the complainants of their defence to this note.

It is said they might have obtained relief by an application to the supreme court for leave to amend, or to put in a new plea upon oath. But I doubt whether that could have been done in that stage of the suit; even if the court had then supposed that a real plaintiff, who was not a party to the record, could be examined under the act of 1837, upon a plea properly verified. It is evident, however, from the decision of the supreme court in the case of *The Bank of Salina* v. *Henry,* (1 *Hill's Rep.* 555,) which was subse-

1844.

Post
v.
Boardman.

quent to this trial, that if an application had then been made to amend the plea it must have been refused, upon the ground that in the opinion of that court the amendment could not benefit the defendants in the suit at law. And such a decision, upon a special motion, could not have been reviewed on a writ of error. At the time this bill was filed, therefore, the complainants had no relief whatever except by the aid of this court. And I think the vice chancellor was right in overruling the demurrers, on the ground that the now defendants had deceived and defrauded their adversaries out of their defence, in the suit at law, by the false pretence, set up in that suit, that the note had been transferred to the nominal plaintiff so that the assignor might be examined as a witness in the ordinary way.

The objection that the complainants should have filed a bill of discovery, before the trial, in aid of their defence at law, is not well taken. For as the nominal plaintiff in the suit, who the defendants in that suit had a right to suppose was the only real plaintiff therein, knew nothing of the usurious contract, a bill of discovery would have been wholly unavailing. And they had no right to file such a bill against one who was apparently a mere witness, and who, as they then supposed, was not a real party in interest. For any discovery made by a person standing in the situation of a witness merely could not have been used as evidence, against another person, in a suit at law. (*Norton* v. *Woods*, 5 *Paige's Rep.* 251.)

The order overruling the demurrers must therefore be affirmed with costs; and the proceedings are remitted to the vice chancellor.