61 U.S. 156
 20 How. 156
 15 L.Ed. 869
 WILLIAM S. HUNGERFORD, APPELLANT,
v.
JOHN SIGERSON.
 December Term, 1857
 
 THIS was an appeal from the District Court of the United States for the district of Wisconsin.
 The facts of the case are stated in the opinion of the court.
 It was argued by Mr. Bradley for the appellant, and by Mr. Cushing and Mr. Gillett for the appellee.
 Mr. Bradley admitted that the bill was very inartificially drawn, but contended that there were three grounds upon which the jurisdiction of the court could be sustained.
 First. Complicated accounts between the parties.
 Second. The breach of the trust with which the said note was clothed.
 Third. The want of remedy in the common-law court.
 If the bill shows a state of facts well pleaded, which would entitle the complainant either to a discovery or relief, the demurrer must be overruled. (Livingston v. Story, 9 Pet., 658.)
 And they are well pleaded if they are material, and stated in terms which may be deemed reasonably certain in their import. (Sto. Eq. Pl., sec. 452, note 1.)
 There had been no settlement of accounts between the parties, and the balance owed was uncertain. This note was for twice as much as was claimed by the defendant, and the complainant was not to be sued upon it. Yet he sued and recovered judgment for the whole amount. Equity has jurisdiction to relieve. (Gainsborough v. Gifford, 2 P. Will., 424.)
 The defendant thus gained an undue advantage. It is against conscience that he should use that advantage thus improperly gained, and that gives jurisdiction to restrain the proceedings at law. (Eden on Inj., ch. 2, p. 3.)
 He could not have availed himself of the defences, because the court of law could neither give adequate relief by account, nor compel a discovery of the facts of that mutual understanding, under which the note was given, as these facts were from their nature private, and therefore known only to the parties. (Bateman v. Willoe; 1 Sch. and Lefr., 204; Marine Ins. Co. v. Hodgson, 7 Cr., 332.)
 The counsel for the appellee said that in the bill there is no allegation that a fraud was committed to induce the complainant to give the note;
 Nor any that the defendant transferred it contrary to promise;
 Nor any that the defendant misled him so as to prevent his defending the suit;
 Nor any that he could not have defended the suit successfully;
 Nor any that he could not have made proof of all the facts necessary for a successful defence on that trial of the cause;
 Nor any that he has no relief except in equity, nor that he has no remedy at law;
 Nor any that the complainant has offered to settle with the defendant, and to pay him what was justly and equitably his due;
 Nor any that he stated the whole case to counsel, when he was advised that he had no defence on said note which he could make in that suit;
 Nor any that the advice of counsel referred to was before the judgment upon said note;
 Nor any that his failure to defend was occasioned by such advice.
 FIRST.—A court of equity has no jurisdiction where the party has had a full remedy at law.
 Except under some special statute, no court of equity can entertain jurisdiction without the complainant averring that he has no remedy at law. In this case, the bill was filed in the District Court of the United States, under the powers conferred by the judiciary act. The sixteenth section of this act provides, 'that suits in equity shall not be sustained in either of the courts of the United States, in cases where plain, adequate, and complete remedy may be had at law.' (See Gordon v. Hobart, 2 Sumner, 401; Baker v. Biddle, 1 Baldwin, 405.)
 The omission of the party to avail himself of his defence at law cannot confer jurisdiction. If the party has once had an opportunity to defend himself, it is the same to both parties, as if he had actually done so. It ends the matter.
 SECOND.—Where a party failed to defend a suit at law, equity will not relieve, except when the defence was not available at law, or where he was prevented by fraud, accident, or wrongful act of the other party, without any negligence or fault on his part.
 This proposition is in the very words of the Court of Appeals in New York, in Vilas v. Jones, 1 Coms., 274, pp. 281, 282.
 It is supported by a long current of decisions.
 In More v. Bayley, 1 Breese, 60, the court said, that if 'a defendant neglects to make his defence at law, a court of equity will not relieve him.'
 In Cowan v. Price, 1 Bibb, 173, the same rule is laid down.
 In Williams v. Lee, 3 Atk., 224, Lord Hardwicke held in the same way.
 In Winthrop's case (3 Desausure, 310, p. 324) this point was ruled in the same way.
 In Bateman v. Willoe, 1 Schoales and Lefroy, 201, p. 204, after laying down the same rule, Lord Redesdale says, 'it is not sufficient to show that injustice has been done, but that it has been done under circumstances which authorize the court to interfere.'
 
 
 1
 In Lansing v. Eddy, 1 John. Ch. R., 49, Chancellor Kent said, that an injunction will not be granted on a charge of usury, and the party seeks a discovery, 'for the usury would have been a good defence at law; and no reason was given why the defendant did not seek the discovery while the suit at law was pending.' 'Chancery will not relieve against a judgment at law, unless the defendant was ignorant of the fact in question pending the suit, or it could not be received as a defence.'
 
 
 2
 In Simpson v. Hart, ib., 91, p. 98, this doctrine was reiterated.
 
 
 3
 In Barker v. Elkins, ib., 465, it is repeated; and the court say, 'if the defendant has not used due diligence in applying for a discovery, if necessary to aid him, he cannot be relieved.'
 
 
 4
 In Norton v. Wood, 5 Paige, 249, Chancellor Walworth expressly laid down the same rule. It is recognised by him in Post v. Boardman, 10 Paige, 580.
 
 
 5
 In Perrine v. Striker, 7 Paige, 598, he repeats the rule, and says, 'if there are circumstances in the case which rendered it impossible to obtain relief in the suit at law, they should be stated in the bill.'
 
 
 6
 In Thompson v. Berry & Van Buren, 3 John. Ch. R., 395, it was held, that where a party suffered judgment to pass against him without making his defence or applying for a discovery, equity could not relieve him. This case was affirmed on appeal in the Court of Errors, in the 17th of John. R., 436, by the unanimous opinion of the court.
 
 
 7
 In Penney v. Martin, 4 John. Ch. R., 566, Kent, Chancellor, held that 'where there was neither accident nor mistake, misrepresentation nor fraud,' the Court of Chancery had no jurisdiction to afford relief, although he had lost his remedy at law through ignorance of a fact which he might have learned with due diligence and inquiry, or by bill of discovery.'
 
 
 8
 In McVickar v. Walcott, 4 John. R., 510, the same rule was declared in the Court of Errors.
 
 
 9
 In Green v. Dodge, 6 Ham. Ohio R., 80, the Supreme Court proceed upon the same ground.
 
 
 10
 In Bartholomew v. Yaw, 9 Paige, 165, Chancellor Walworth goes over the whole ground, and reasserts the principles above laid down.
 
 
 11
 In Minturn v. The Farmers' Loan and Trust Company, 3 Coms., 498, the Court of Appeals say: 'Where an action at law was commenced to recover upon a contract alleged to be usurious, and the defendant in the action filed a bill in chancery, praying for an injunction to restrain the proceedings, but alleged no defect in the means of establishing his defence at law, the bill could not be sustained.'
 
 
 12
 These cases abundantly settle the point above laid down. If the note in question was given for ten thousand dollars, when only four or five thousand were really due, it cannot be questioned that there was a good defence at law to so much as was not equitably due.
 
 
 13
 1. If there was a defence, it was a legal one, and would have been available at law; and this is not denied in the bill.
 
 
 14
 2. The bill does not aver that complainant was unable to prove his defence in the action of law. But if he could not prove it without a discovery, he was bound to file a bill for such discovery, so as to use the answer upon the trial.
 
 
 15
 3. There is no allegation in the bill that a misrepresentation was made, or fraud practiced upon complainant, by Sigerson, which prevented his making his defence.
 
 
 16
 4. No excuse whatever is offered for not making his defence in the suit at law, except that his counsel told him he had no defence to the note. He does not state that this advice was given pending the suit at law, and the expression used clearly indicates that it was not. But, however that may be, it is clear that his defence was a legal one, and available at law if it existed. If he was wrongfully advised, that is a question between him and his counsel. If the latter misled him, Sigerson is not responsible for it, nor can it give a court of equity jurisdiction. If, through wrong advice, inattention, or otherwise, he failed to avail himself of his defence, he must abide the consequences. A court of equity cannot relieve him.
 
 
 17
 Mr. Justice McLEAN delivered the opinion of the court.
 
 
 18
 This is an appeal from the District Court for the district of Wisconsin.
 
 
 19
 In his bill, the complainant states that prior to the 1st of December, 1851, he had numerous business transactions with the defendant, who had made advances of money to him on divers occasions, and payments had been made to him by the complainant. In a conversation in relation to their accounts, the defendant admitted the complainant was indebted to him only in about the sum of four thousand two hundred dollars; and on that day the defendant proposed to the complainant that he should execute to the defendant a promissory note for the sum of ten thousand dollars, payable one day after date, which he wished to use as a collateral security on which to raise money; and he agreed not to sell or dispose of the same, or urge the complainant for the payment of the note, but would indulge him until he could make collections. And having unlimited confidence in the defendant, and feeling under many obligations to him for his various acts of kindness, the complainant made and delivered to the defendant, on the 1st of December, 1851, a note of hand for $10,000, payable one day after date, to the order of John Sigerson, for value received, without defalcation or discount, negotiable and payable at the Bank of the State of Missouri. And the complainant avers that the note was given under the circumstances and for the consideration stated, and on no other or different account; that since the date first above stated, he and the defendant have had no dealings whatever.
 
 
 20
 And the complainant alleges that on the 10th of August, 1852, the defendant caused a suit to be brought against him on the above note, and on the 11th of January, 1854, a judgment was recovered for $11,258.33 and costs. And the complainant says the judgment is unjust, in so far as it exceeds in amount the sum of four thousand two hundred and seventy-five dollars and interest.
 
 
 21
 And the complainant prays the defendant may be enjoined from collecting such part of the judgment as exceeds the sum he owes to the defendant, and this sum he offers to pay. Numerous interrogatories to the defendant are stated in the bill, designed to show the money transactions between them, and the amount due by the complainant to the defendant.
 
 
 22
 A demurrer was filed to the bill, which, on argument, was sustained, and the bill dismissed at the costs of the complainant, on which an appeal was allowed.
 
 
 23
 The subject-matter of this controversy arises out of mutual dealings between the parties, and the consideration on which the note stated in the pleadings was given. There is no allegation in the bill that adequate relief could not be had at law. There is no charge of fraud, or that the note had been assigned contrary to the agreement; nor that, by the contrivance or unfairness of the defendant, a remedy was not had at law; nor is there anything in the bill from which the court can infer a discovery is necessary to reach the justice of the case.
 
 
 24
 Where a party has failed to make a proper defence at law through negligence, equity will not aid him. If by accident or fraud such a defence has been prevented, a court of equity may grant relief.
 
 
 25
 When the decree below was pronounced on the demurrer, the complainant, by application to the court, might have asked leave to amend his bill, which the court, as a matter of course, would have allowed. But he prayed an appeal to this court, resting his whole case on the bill. And as it contains no averments authorizing relief in equity, none can be given.
 
 
 26
 The decree of the District Court is affirmed.