ELIZABETH BRINSMADE'S APPEAL.

*Error—Order vacating appointment of administrator.*

The writ of error lies to bring up proceedings according to the course of the common law; and it is not appropriate for the review of an order of the circuit court setting aside the appointment of an administrator.

Error to Ottawa.  (Arnold, J.)   Jan. 22.—Feb. 6.

Appeal in probate.   Petitioner brings error.   Dismissed.

*Hampden Kelsey* for appellant.

*J. C. FitzGerald* for appellee.   Error does not lie in a proceeding that is not at common law, like the appointment of an administrator: *Cross v. People* 8 Mich. 113; *Churchill v. Burt* 32 Mich. 490; *Smith v. Supt. of the Poor* 34 Mich. 58; *Auditor Gen. v. Pullman Palace Car Co.* 34 Mich. 59; *Mower's Appeal* 48 Mich. 446.

CAMPBELL, J.   The probate court of Ottawa county, upon application of Orleans L. Jordan and Hampden Kelsey, admitted to probate, on proof of foreign probate, the will of Thomas C. Brinsmade, deceased.   Mrs. Brinsmade, his widow, was afterwards on a showing allowed to appeal from this order, which she claimed to have been made without sufficient cause and improperly.   The appointment and probate were set aside by the circuit court, and Kelsey brought the case into this Court by writ of error.

There was no issue in the circuit court involving the validity of the will or of the New York probate, and the only questions were the propriety of the intervention of petitioners below, and of the appointment of Kelsey as administrator.   It is now objected by appellee that the wrong remedy has been sought here, and this objection we regard as well taken.

It has been decided in this Court several times that a writ of error is only allowable to bring up such controversies and questions as are according to the course of the common-law. Probate appeals sometimes involve such questions where there is a contest over the will itself or over contested claims. In other cases they include equitable matters, as in case of accounting, and matters involving more or less discretion. Where no such issue is involved as could ever be a common-law question, the relief must be had by some other process, if it can be had at all. In *Besancon v. Brownson* 39 Mich. 388, a case like the present came up on certiorari. In *Holbrook v. Cook* 5 Mich. 225; *Conrad v. Button* 28 Mich. 365; *Cameron v. Bentley* 28 Mich. 520; *Fletcher v. Clark* 39 Mich. 374 and *Gott v. Culp* 45 Mich. 265 the varying character of probate appeals was considerably discussed and in some of them the proper mode of review was referred to. There was no question presented on which the intervention of a jury could have been a matter of right, and no common-law issue whatever.

The writ must be dismissed with costs.

The other Justices concurred.