IN RE ESTATE OF DANIEL NUGENT, DECEASED.

[See 59 Mich. 593; 70 Id. 52.]

*Estates of deceased persons—Appointment of administrator—Object of petitioner.*

1. Property rights cannot be litigated in proceedings to appoint an administrator.

2. It is no legal objection to the appointment of an administrator that the object of the petitioner is to file a bill in equity to set aside a deed, executed by the deceased, upon the ground that it is fraudulent and void as to the petitioner,—a judgment creditor. The statute expressly confers this right in certain contingencies (How. Stat. § 5884); and, unless an administrator is appointed, the remedy is lost to the creditors of the intestate.

Error to Kent. (Grove, J.)  Argued October 8, 1889. Decided November 8, 1889.

Appeal from an order of the circuit court, on appeal from the probate court, dismissing a petition for appointment of administrator. Action of circuit court reversed, and that of probate court affirmed. The facts are stated in the opinion.

*Tatem & Quinsey,* for petitioner, James Nugent.

*Taggart, Wolcott & Ganson,* for respondent, Emanuel Nugent.

CHAMPLIN, J.  John Bresnahan was appointed administrator of the estate of Daniel Nugent, deceased, by the probate court of Kent county.

The petition for the appointment was made by James Nugent, as one of the next of kin, and a creditor, of the deceased. The petition set forth that Daniel Nugent was not an inhabitant or resident of the State of Michigan at the time of his death, but was an inhabitant of the state of Colorado; and was possessed of estate situated in the county of Kent, to be administered, and that the estimated value thereof was as follows: Real estate, $1,000 and upwards; and personal estate, $1,000 and upwards,— as the petitioner was informed and believed. The petitioner then sets forth the names and residences of the heirs at law, and others interested in the estate, and prays for citation and the appointment of Bresnahan. The appointment by the probate court was opposed, but by whom, or upon what ground, does not appear from the record before us.

Emanuel Nugent, a brother of the deceased, appealed from the order appointing Bresnahan administrator, to the circuit court for the county of Kent, for the following reasons:

1. The deceased was not a resident or inhabitant of the State of Michigan.

2. The deceased, at the time of his supposed death, resided in the state of Colorado, and did not leave any estate or property to be administered within the county of Kent, or within the State of Michigan.

3. The probate court had no jurisdiction in the matter.

4. As appeared in the evidence adduced upon the hearing in said matter, the whole purpose of the application for administration of the estate of said deceased was to cause a suit in equity to be commenced against the appellant, Emanuel Nugent.

The matter was tried in the circuit court, before the court without a jury, and the parties were permitted to go into an extended investigation upon the question as to whether Daniel Nugent had any estate in Kent county, to be administered; the petitioner claiming, and introducing testimony tending to prove, that the deceased was the owner of certain land, which he had fraudulently conveyed to his brother, Emanuel Nugent, with intent to defraud the petitioner, as a creditor of said Daniel. This showing was controverted by the contestant; and testimony was introduced, tending to show that James Nugent had recognized the validity of such conveyance, and had received benefits thereunder.

The circuit court made a finding of facts, and, as conclusion of law, held that Daniel Nugent did not reside in the State of Michigan at the time of his death, and had no estate to be administered in this State, and that the probate court of the county of Kent had no jurisdiction to appoint an administrator of his estate; and that the claim made by the petitioner was to enable him to cause a bill in equity to be filed to set aside the deed made by the deceased to Emanuel Nugent in 1879, on the ground that it was fraudulent and void as to petitioner; and that, from facts appearing in the testimony

of the petitioner himself, a court of equity should decline to entertain a bill or grant relief such as the petitioner sought to obtain through the appointment of an administrator; that his demand is stale, and his action in accepting the conveyance of the larger portion of the land affected by the transfer now alleged to be fraudulent, and relying thereon as a valid title, was inconsistent with the present claim,—and dismissed the petition.

The court erred in dismissing the petition. Property rights cannot be litigated in proceedings to appoint an administrator. The petition was sufficient in form and substance to confer jurisdiction upon the probate court to take action towards appointing an administrator, and no objection is made that the proper notice was not given. It was no legal objection that the object of the petitioner was to file a bill in equity to set aside a deed to Emanuel Nugent, executed by the deceased, upon the ground that it was fraudulent and void as to the petitioner. The statute expressly confers this right in certain contingencies (How. Stat. § 5884); and, unless an administrator of the estate of Daniel Nugent is appointed, this remedy is lost to the creditors of the intestate. The court of chancery is the proper forum in which to litigate the questions of fraudulent conveyances by the deceased, as against his creditors, and to settle the question whether the petitioner is entitled to any relief in that court.

The order of the circuit court dismissing the petition must be reversed, with costs, and the order of the probate court appointing an administrator will be affirmed. Let it be certified to the respective courts accordingly.

SHERWOOD, C. J., CAMPBELL and LONG, JJ., concurred. MORSE, J., did not sit.