IN THE MATTER OF THE APPEAL OF LOIS McCARTY
FROM AN ORDER OF THE PROBATE COURT OF
JACKSON COUNTY.

*Petition for appointment of administrator—Litigation of property
rights.*

Property rights cannot be litigated in proceedings for the appoint-
ment of an administrator; citing *In re Estate of Nugent,* 77
Mich. 500.

So *held,* where a mother applied for administration upon the
estate of her deceased daughter, which consisted of a bequest
of $500, the validity of which was litigated, and decided
adversely to the petitioner, in the probate and circuit courts.

Case made from Jackson. (Peck, J.) Argued June 5,
1890. Decided June 13, 1890.

Appeal from order of circuit court affirming order of
probate court denying petition for appointment of admin-
istrator. Orders vacated, and probate court directed to
grant letters of administration, the proper bond being
given. The facts are stated in the opinion.

*Grove H. Wolcott,* for petitioner.

*Lewis M. Powell,* for appellee, Clarissa A. Fish.

MORSE, J. Lois McCarty is the mother of Hattie
McCarty, deceased.

May 17, 1889, she filed a petition in the probate court
for the county of Jackson for administration of the estate
of her said daughter, showing that at the time of her
decease, August 8, 1881, said Hattie McCarty was a resi-
dent of Wayne county, in the state of New York, and
that the only property belonging to her estate was a
bequest in her favor of the sum of $500 contained in the
will of Alvira Palmer, deceased. The probate court

denied the petition, June 27, 1889. On appeal to the circuit court the order of the probate court was affirmed.

From the facts found by the circuit judge it appears that the validity of the bequest to Hattie McCarty contained in the will of the said Alvira Palmer, deceased, and the right of Hattie McCarty to receive the same, was litigated and decided adversely to the petitioner, it being held by both courts that the said Hattie McCarty had no property or estate within the said county of Jackson. It also appeared that all the other bequests in said will had been paid by the executor of said will. The $500 bequest to her was paid over by such executor to the residuary legatee, Clarissa A. Fish, who resides in Jackson county.

This case is governed by *In re Estate of Nugent,* 77 Mich. 500. It was there held that property rights could not be litigated in proceedings to appoint an administrator. Lois McCarty, upon the showing made in her petition, was entitled to administration upon the estate of 'her daughter. She has the right to follow this bequest to her daughter, and to take the proper proceedings to test her right to recover it. It does not concern the probate court whether or not her claim to such bequest is well founded. As the case now stands she must look to the executor or residuary legatee of Mrs. Palmer for this bequest, and her remedy is not confined to the probate court.

The orders of the circuit and probate courts of Jackson county must be vacated and set aside, with costs of all the courts to petitioner. It will be certified to the circuit and probate courts of said county accordingly, and the probate court will be further directed to grant letters of administration to said Lois McCarty upon the petition filed by her, the proper bond being given.

The other Justices concurred.