JOHN HANCOCK MUTUAL LIFE INSURANCE CO. v. HILL'S ESTATE.

ESTATES OF DECEDENTS—CONTINGENT CLAIMS—LIMITATIONS.
A claim against the estate of a deceased surety on a bond, in favor of the obligee named therein, accrues at the time when suit might be brought against the surety if living, and not at the time of the rendition of judgment against the principal and a surviving surety, within the meaning of 2 How. Stat. § 5936, providing that, if the claim of any person shall accrue or become absolute after the expiration of the time limited for creditors to present their claims, such claim may be presented to the probate court for allowance at any time within one year after it shall have so accrued or become absolute.

Error to Wayne; Donovan, J. Submitted December 5, 1895. Decided December 30; 1895.

The John Hancock Mutual Life Insurance Company had judgment upon a contingent claim against the estate of William R. Hill, deceased, and Clara K. Hanna, an heir of the deceased, brings error. Reversed.

In 1881 one Henry Empey became agent for the claimant company, and executed a bond, with himself as principal and William R. Hill and Henry F. Rose as sureties, conditioned upon the faithful performance of his duties as agent, and accounting and paying over all sums of money which he might receive for said company. Mr. Hill died in 1882. His estate was settled in 1883, his property distributed among his heirs, the administrator discharged, and the estate closed. October 5, 1891, said company commenced suit on said bond against Empey and Rose, the surviving surety. Empey and Rose appeared, and defended the suit, denying any indebtedness, and pleading a set-off. Judgment was entered December 28, 1892, for $1,732.47 and $37.10 costs, upon which execution was issued, and returned *nulla bona.* March 22, 1893, the company presented a petition to the probate court for the county of Wayne, setting forth the above facts, and praying for the "appointment of a time and place for the examination and adjustment of the claim, as a contingent claim which has become absolute within the past year." The probate court dismissed the petition, whereupon the company appealed to the circuit court, where a trial was had before the court without a jury, and judgment rendered against the estate.

In the finding of facts by the court is the following:

"I find that there was an account stated between the company and Empey June 1, 1890, by which about $2,400 was agreed to be due the company; and that no work was done by said Empey under said bond thereafter. I find that Empey upon the trial claimed an offset to said sum,

and the amount due the company was sharply contested in the jury trial."

One of the heirs appeals.

*A. H. Wilkinson*, for appellant.

*Alfred Russell*, for appellee.

GRANT, J. (*after stating the facts*).  Two questions are raised:

1. Could such claim be filed and prosecuted before said court when there was no administrator to represent the estate and defend against said claim?

2. Had the claim accrued or become absolute more than a year prior to March 22, 1893, the day of filing the petition in the probate court?

We need only consider the second question, as it is conclusive of the case.

The statute under which this claim was presented is as follows:

"If the claim of any person shall accrue or become absolute at any time after the time limited for creditors to present their claims, the person having such claim may present it to the probate court, and prove the same, at any time within one year after it shall accrue or become absolute, and, if established in the manner provided in this chapter, the executor or administrator shall be required to pay it, if he shall have sufficient assets for that purpose, and shall be required to pay such part as he shall have assets to pay; and if real or personal estate shall afterwards come to his possession, he shall be required to pay such claim, or such part as he may have assets sufficient to pay, not exceeding the proportion of the other creditors, in such time as the probate court may prescribe."  2 How. Stat. § 5936.

The following nine sections make provision for the collection of such claims, and for the bringing of suits against the administrator or heirs or devisees to enforce them.

The plain purpose of this statute was to give creditors a year after their claims accrued or became absolute within

which to present them against the estate. The time for such a claim to accrue or to become absolute does not depend upon the rendition of a judgment against the principal. When a right of action accrued upon the bond, the right to present and prove the claim against the estate arose. Suit could have been brought upon this claim against the principal and surviving surety at any time before it was barred by the statute of limitations; but the above statute limits the right to present such claim against the estate of a deceased surety to a year from the time when suit might be brought against the surety if living. The claimant could have presented its claim at any time after Empey had left its employ, which was at the time the amount he owed was agreed to. This agreement did not, of course, bind the sureties, but the claim accrued at that time within the meaning of this statute, and the year had expired within which it might be presented against this estate.

Judgment must be reversed, and no new trial ordered.

The other Justices concurred.