*In re* BROOKS' ESTATE.

1. EXECUTORS AND ADMINISTRATORS—APPOINTMENT—PUBLICATION OF HEARING—WAIVER.

One who appears and contests an application for the appointment of an administrator cannot complain that the publication of the time and place of hearing was insufficient to confer jurisdiction upon the court to make the appointment.

2. PLEADING—PETITION FOR ADMINISTRATOR—NON-TRAVERSABLE ALLEGATION—EFFECT OF DEMURRER.

Where an answer to a petition for the appointment of an administrator attempts to traverse the allegation that the intestate died possessed of real and `personal property, a demurrer thereto, on the ground that such allegation is not traversable, does not admit the non-possession of property, so as to justify the probate court in denying the petition upon that ground.

*Certiorari* to St. Clair; Vance, J.   Submitted June 5, 1896.   Decided June 30, 1896.

· John Edward Jenkinson appealed from an order of the probate court denying his petition for the appointment of an administrator of the estate of George Brooks, deceased.

From an order dismissing the appeal, petitioner brings *certiorari.* Reversed.

*Chadwick & McIlwain,* for petitioner.

*Atkinson & Wolcott,* for appellee, Sarah E. Brooks.

Hooker, J.   John Edward Jenkinson, an infant, by his next friend, filed a petition for the appointment of an administrator of the estate of his grandfather, alleging that he died intestate, and that, at the time of his death, he was possessed of real and personal estate, estimated at the respective values of $50,000 and $3,000.

A point is made that the publication was not sufficient, but it does not appear to be argued.   As the appellee appeared and contested the application, she cannot be heard to complain.   She filed an answer, stating, in substance, that, previous to his death, the intestate conveyed all of his property, and died penniless.   It also stated that petitioner had filed a bill to set aside one or more of these conveyances.   This was a sworn answer.   A demurrer to this answer was filed, and the important ground is that " the court cannot inquire, as a preliminary question, whether deceased had an estate, real or personal, or whether the same was legally disposed of."   The circuit court, upon appeal, dismissed the petition, upon the ground that the pleadings and proofs did not show the existence of an estate.   In this we think there was error. The case appears to be similar to *In re Nugent's Estate,* 77 Mich. 500, and *In re McCarty,* 81 Mich. 460.   See, also, *Hubbell* v. *Blandy,* 87 Mich. 212; *Findlay* v. *Railway Co.,* 106 Mich. 700.

An attempt is made to break the force of appellant's contention by the claim that, the answer being demurred to, the allegation that intestate left no estate is admitted. The logic of this position is that, although the probate court has no authority to enter into an inquiry upon this subject, or to deny the petition, upon defendant's answer, and although, therefore, the answer was demurrable,

still, when it was demurred to, the answer became sufficient, because of the rule that a demurrer admits the allegations of the pleading demurred to to be true. In other words, an answer which states no valid defense, because the court has no jurisdiction to try the question it raises, becomes a complete defense to the proceeding when demurred to upon that particular ground, by force of the admission of the truth of the facts stated in the answer. The facts stated in the petition required the appointment of an administrator, and the probate court and the circuit court were both in error in supposing that such appointment could be properly denied, upon the admission by demurrer of a fact which was not well pleaded. *Hungerford* v. *Sigerson*, 20 How. 156.

The order of the circuit court dismissing the appeal is reversed, with costs, and the cause remanded for further proceedings. The probate court is directed to grant letters of administration to John Jenkinson, as prayed.

The other Justices concurred.