OWEN *v.* WARD'S ESTATE.

WRIT OF ERROR—FINAL ORDER—APPEALS FROM PROBATE COURT.
An order of the circuit court affirming a probate order denying a petition for the appointment of an administrator *de bonis non*, the question of fact as to whether there are assets yet to be administered being decided against the petitioner, is a final order, and reviewable on writ of error, the proceeding in which it is entered being analogous to a suit at common law.

Petition by Tubal C. Owen, residuary legatee under the last will and testament of Eber B. Ward, deceased, for the appointment of an administrator *de bonis non.* The petition was denied in probate court, and petitioner appealed to the circuit court. From a judgment affirming the order of the probate court, petitioner brings error. On motion of Orrin W. Potter, former executor, to dismiss the writ. Submitted October 2, 1900. Denied October 31, 1900.

*Wells, Angell, Boynton & McMillan,* for the motion.
*Alfred Russell, contra.*

Long, J.   A petition was filed in the probate court by Mr. Owen, residuary legatee under the will of Eber B. Ward, for the appointment of an administrator *de bonis non*.   The former executor, Mr. Potter, appeared, and claimed that he had administered all the assets of the estate.   The probate court of Wayne county, where the petition was filed, denied the petition, and the petitioner removed the case by appeal to the Wayne circuit court.   The case was there heard before the court without a jury, and the order of the probate court affirmed.   The petitioner brings the case into this court by writ of error.

It appears that the case was heard in the circuit court upon evidence introduced by the estate tending to show that there were no assets not administered.   It is claimed in this court on the part of the estate that the case is not reviewable on writ of error, because it is not a common-law proceeding.   On the other hand, it is contended by counsel for petitioner that statutory proceedings in inferior courts brought into the circuit court by appeal become analogous to suits at common law, and are therefore reviewable in this court by writ of error, where the decision sought to be reviewed is final, and not interlocutory.

It was said by this court in *Brinsmade's Appeal*, 52 Mich. 537 (18 N. W. 346):

"It has been decided in this court several times that a writ of error is only allowable to bring up such controversies and questions as are according to the course of the common law.   Probate appeals sometimes involve such questions where there is a contest over the will itself or over contested claims.   In other cases they include equitable matters, as in case of accounting, and matters involving more or less discretion.   Where no such issue is involved as could ever be a common-law question, the relief must be had by some other process, if it can be had at all."

In the present case the question raised in the circuit court as to whether there were assets not administered belonging to the estate of Mr. Ward might have been submitted to a jury.   If there were assets not administered,

plainly an administrator *de bonis non* should have been appointed. It was a question of fact to be determined, and the decision of the circuit court upon that question was final, and not interlocutory, so that the petitioner had a right to remove the case into this court by some form of procedure. We think a writ of error will lie in such case.

The writ of error was held to be the proper proceeding in *John Hancock Mut. Life Ins. Co.* v. *Hill's Estate,* 108 Mich. 126 (65 N. W. 758). In that case the insurance company had judgment upon a contingent claim against the estate, and one Clara K. Hanna, an heir of the deceased, brought error. It was held that the writ of error was the proper remedy.

In *Re Nugent's Estate,* 77 Mich. 500 (43 N. W. 889), an appeal was taken from the probate court to the circuit court from an order appointing an administrator, and the case came into this court by writ of error from a judgment of the circuit court dismissing the petition. The case was heard upon the record, and returned, upon the writ of error. While the question does not seem to have been raised as to whether error would lie, the proceedings were entertained in this court, and the order of the circuit court was reversed, and the former one of the probate court appointing an administrator was affirmed.

The case of *Buss* v. *Buss' Estate,* 75 Mich. 163 (42 N. W. 688), came into this court by writ of error. In that case an order of the probate court denying the petition of a residuary legatee for the appointment of an administrator to complete the administration of the estate was affirmed in the circuit court. The orders of the circuit and probate courts were reversed in this court, and a direction given to the circuit court to enter the order prayed for, and certify the same to the probate court. It was said in that case:

"She [the residuary legatee] does not seek by her petition to reopen the account of the executor already settled and adjudicated, but asks that she may have the aid of an

administrator in her endeavors to ascertain her interests, and the extent thereof, under the will; and this is a right of which no legatee can be deprived."

It was also said that the order holding the executor's account correct was not an adjudication that there was no estate left for the residuary legatee.

In *Mower's Appeal*, 48 Mich. 441 (12 N. W. 646), the case came into this court by writ of error. It was upon the final accounting of an administrator. It was said:

"Where the proceeding in the probate court involves common-law questions, and stands in the place of a suit at law, it naturally assumes the form of a common-law suit in the circuit court, and it is very proper, and not unusual, to provide for the making up of a common-law issue. The trial of such an issue will not be different from any common-law trial, and exceptions may be settled and writ of error had as in other cases. But appeals from interlocutory orders cannot take that form, * * * nor proceedings for the removal of an administrator, * * * or for the appointment of a guardian. * * * But in several cases appeals from the final accounting of an administrator have been proceeded in as common-law cases without difficulty or confusion. * * * On writ of error, this court reviews the action of the court below on questions of law only, but examines the conclusions of that court on questions of fact for the purpose of determining such questions of law as arise upon them."

It is evidently the rule that no interlocutory proceedings can be reviewed by error; but this was a final order. The defense of Potter, the former executor, is that he administered all the assets, and he put in testimony to show that. The petition asserted that there were assets not administered. This was the issue. Under such circumstances, we see no reason why the writ of error was not the proper remedy.

The motion to dismiss the writ must be denied.

The other Justices concurred.