## OWEN *v.* WARD'S ESTATE.

ADMINISTRATOR DE BONIS NON—APPOINTMENT—PETITION—INCOMPLETE ADMINISTRATION—NECESSITY FOR PROOF.

Appointment of an administrator *de bonis non* will not follow as of course on the filing of a petition containing the jurisdictional averment of an incomplete administration of the estate, but petitioner must make at least a *prima facie* case by the introduction of evidence.

Error to Wayne; Donovan, J. Submitted April 17, 1901. Decided July 19, 1901.

Petition by Tubal C. Owen for the appointment of an administrator *de bonis non* of the estate of Eber B. Ward, deceased. The petition was denied in the probate court, and petitioner appealed to the circuit, where the order of the probate court was affirmed. Petitioner brings error. Affirmed.

*Alfred Russell*, for appellant.

*Wells, Angell, Boynton & McMillan* and *W. W. Gurley*, for appellee.

HOOKER, J. Many years ago, Eber B. Ward died, leaving much property and many debts. He left a will making Emily Ward, his sister, one of several entitled to share in the income of the residue of his property, and provided that, upon her death, her share of said income should be equally divided among the living children of two deceased sisters of the testator, one of whom (Abbey Owen) was the mother of the petitioner in this proceeding. The will also provided that, upon the death of all of the class, the estate should be divided among the surviving children of said two deceased sisters, Abbey Owen and Sally Brindle. The estate went through the process of· administration, one Potter being executor. His final account was passed upon by this court in the case of *Owen* v: *Potter*, 115 Mich. 556 (73 N. W. 977). Tubal C. Owen, the petitioner in this proceeding, was a nominal defendant, though really a complainant in interest, in that case. Id. page 560. Ward died in 1875. Emily Ward died in 1891. The estate was found to be insolvent, and it is claimed by the appellee that nothing was left for distribution, and that the records of the cause and estate in the several courts, introduced upon the trial below, so show.

This proceeding arises upon a petition filed in probate court for the appointment of an administrator *de bonis non*. A citation was issued, and served upon Potter, who had acted as executor. This petition indicates a design to attack the integrity of Potter's administration of this estate, and to reopen his final account, and the question of fraud, which was involved in the chancery cause of *Owen* v. *Potter*, 115 Mich. 556 (73 N. W. 977). We understand that upon the hearing of the present cause in this court such design is disavowed, and that it is urged that the petition alleged that there are unadministered assets belonging to the estate. Counsel for Potter, who appeared and opposed the application, insist that the allegations of the petition are not a sufficient statement of such fact; but we think the question is foreclosed by the

opinion filed upon his motion to dismiss this proceeding, reported in 125 Mich. 30 (83 N. W. 1003). The parties tried out both in probate and circuit court the question whether or not there were any unadministered assets, and it was determined that there were none. No formal findings of fact and law were filed, and no reason is given for questioning the correctness of this determination; and the case seems to be resolved into the question whether or not the petitioner was entitled to the appointment of an administrator *de bonis non* upon his petition, without proof that ·it was true, and in face of proof alleged to show the contrary.

The record and our own Reports show the allowance of the final account and discharge of the executor. The petition indicates, if it does not expressly show, it. These orders were made in the probate court in which this petition was filed. 3 Comp. Laws, § 9332, provides for the appointment of an administrator *de bonis non* in case of the death of an administrator without having fully administered the estate, and section 9334 makes a similar provision for cases where the authority of the administrator has been in any way extinguished before administration is completed. Such appointment must be based on an uncompleted administration. In the present case it is said to rest upon an allegation that the estate has assets not administered, and, if it has, the administration is not complete. This court has held that primarily administration can only be granted upon a petition containing the essential jurisdictional facts. See *Shipman* v. *Butterfield,* 47 Mich. 487 (11 N. W. 283); *Wilkinson* v. *Conaty,* 65 Mich. 621 (32 N. W. 841); *Haug* v. *Primeau,* 98 Mich. 95 (57 N. W. 25). Grant that the petition shows incomplete administration, by an allegation that there are unadministered assets, and it was necessary for the ·petitioner to prove his allegation; otherwise, the court could not act. 1 Chat. Prob. Law, §§ 825, 944, and cases there cited. In *Wilcoxon* v. *Reese,* 63 Md. 542, it was held that:

"To authorize the grant of letters of administration *de*

*bonis non*, there must be something remaining to be done to complete the administration of the estate of the deceased, or some function to be performed in regard to it; otherwise, such letters would be simply nugatory."

See, also, *American Board of Com'rs for Foreign Missions' Appeal*, 27 Conn. 344; *State* v. *Smith*, 52 Conn. 558.

In *Grimes* v. *Talbert*, 14 Md. 169, it was said: "In an application for letters, the dying intestate and leaving personal estate must be shown." See, also, *Donaldson* v. *Raborg*, 26 Md. 312. In Wisconsin it is said that the appointment of an administrator is unnecessary, if not invalid, when the decedent leaves no personal property. *Flood* v. *Pilgrim*, 32 Wis. 376; *Filbey* v. *Carrier*, 45 Wis. 469. In 1 Woerner's American Law of Administration (section 235) it is said that, "before letters of administration can properly be granted, there must be proof, to the satisfaction of the probate court, that the intestate died, * * * leaving property;" and in relation to administrators *de bonis non*, at section 247, the author says, "It is sufficient, to recapitulate, * * * that there must be an estate remaining unadministered, and a vacancy in the office; * * * otherwise, there can be no grant of letters *de bonis non.*"

It is claimed that our own decisions are not in accord with these authorities. Merely alluding to the fact that our statute (section 9323) provides for "letters of administration of estates," we will examine the cases cited. In the case of *Nugent's Estate*, 77 Mich. 500 (43 N. W. 889), an order refusing to appoint an administrator was reversed when it was shown that it was desired to litigate a claim to certain property alleged to belong to the estate. As the probate court was not the proper forum, it was held that an administrator should have been appointed; the fact that there was such a claim apparently being undisputed. *McCarty's Appeal*, 81 Mich. 460 (45 N. W. 996), was similar. A mother applied for administration upon her daughter's estate, which consisted of a legacy.

Interested parties opposed upon the ground that the legacy was invalid, and probate and circuit courts tried that question in that proceeding.   It was held that they could not do that lawfully, and that letters should have been granted.   *In re Brooks' Estate*, 110 Mich. 8 ( 67 N. W. 975 ), involved a similar question, though the question passed on was a question of pleading.   Neither of these was a case of an administrator *de bonis non*.

We are of the opinion that the foregoing authorities justify us in holding that a petitioner is not entitled as of course to letters *de bonis non* upon filing a perfect petition, and that it is only upon making a *prima facie* case by proof that the court can lawfully act.   The case of *Buss* v. *Buss' Estate*, 75 Mich. 163 ( 42 N. W. 688 ), is distinguishable from this.   There the executor died without making distribution of funds in his hands, no order having been made for his discharge.   It was upon the ground that administration was not complete, and conclusively appeared so, that the order denying letters was reversed.

We are of the opinion that neither the probate nor circuit court committed error, and the order is affirmed, with costs.

MOORE, LONG, and GRANT, JJ., concurred.   MONTGOMERY, C. J., did not sit.