OSMUN v. GALBRAITH.

ESTATES OF DECEDENTS — ADMINISTRATION — PARTIES ENTITLED —
TRUSTEE IN BANKRUPTCY.

> Under 3 Comp. Laws, § 9324, providing that administration of
> the estate of an intestate shall be granted first to the widow,
> husband, or next of kin, " or a grantee of the interest of one
> or more of them, or such of them as the judge of probate may
> think proper," a trustee in bankruptcy of a daughter of dece-
> dent may be appointed administrator, notwithstanding the
> objection of decedent's husband.

*Certiorari* to Oakland; Smith, J. Submitted June 4,
1902. (Docket No. 2.) Decided November 11, 1902.

Franklin B. Galbraith, as trustee in bankruptcy of the
estate of Mary E. Young, petitioned for his appointment
as administrator of the estate of Mary Ann Osmun,
deceased. The petition was granted in the probate court,
and William H. Osmun, Sr., husband of deceased,
appealed to the circuit, and, on affirmance there, brings
*certiorari*. Affirmed.

*Lillis & Beardslee,* for appellant.

*Perry & Stockwell,* for appellee.

MONTGOMERY, J. On the 7th day of March, 1901,
Mary E. Young was adjudged a bankrupt by the district
court of the United States for the Eastern district of
Michigan. Franklin B. Galbraith was appointed trustee
in bankruptcy. At the time of the adjudication Mary E.
Young had an interest in the unadministered estate of her
mother, Mary Ann Osmun. The trustee filed a petition
in the probate court of Oakland county, setting forth these
facts, and asking to be appointed administrator of the
estate. The appointment was objected to by William H.

Osmun, Sr., who was the husband of the deceased. The appointment was made, notwithstanding the objection, and an appeal taken from the order making the appointment to the circuit court for the county of Oakland, in which court the order was affirmed. The case is brought before us for review on *certiorari*.

The statute (3 Comp. Laws, § 9324) provides that the parties in interest shall be entitled to administration in the following order:

"*First*, The widow, husband, or next of kin, or a grantee of the interest of one or more of them, or such of them as the judge of probate may think proper, or such person or persons as the widow, husband, next of kin, or grantee may request to have appointed, if suitable and competent to discharge the trust;

"*Second*, If the widow, husband, next of kin, or grantee, or the person selected by them, shall be unsuitable or incompetent, or if the widow, husband, next of kin, or grantee shall neglect, for thirty days after the death of the intestate, to apply for administration, or to request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent and willing to take it;

"*Third*, If there be no such creditor competent and willing to take administration, the same may be committed to such other person or persons as the judge of probate may think proper."

More than 30 days had elapsed after the death before the petition was filed, and it is doubtful whether the husband is in a position to complain of the appointment of any suitable person. See *Wilkinson* v. *Conaty*, 65 Mich. 620 (32 N. W. 841). But we think the case may well be determined upon the point made by the plaintiff in error. It is contended that the petitioner, Galbraith, is not the grantee of the next of kin, within the meaning of this statute. We fail to perceive why not. Certainly the interest which Mary E. Young had in her mother's estate passed by the assignment in bankruptcy to the trustee. He became a grantee of that interest, and, we think, is within the word, as well as the spirit, of the statute.

This being so, we do not feel that we would be justified in interfering with the discretion exercised by the circuit judge.

The order will be affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.