### JOSEPH REID GAS ENGINE CO. v. EXCHANGE NAT. BANK.

(District Court, W. D. Louisiana. June 30, 1922.)

#### No. 158.

1. **Courts ⬅️508(3)—Federal court has jurisdiction to enjoin execution of judgment of state court.**

   A federal court has the same authority as a state court to enjoin execution of a judgment of a state court, the enforcement of which would be inequitable or unconscionable, because obtained by fraud, accident, or mistake, without fault or negligence of defendant.

2. **Courts ⬅️508(3)—Enforcement of judgment against garnishee without actual notice enjoined.**

   Enforcement of a judgment for $15,000 against a foreign corporation as garnishee, by service on its agent for citation appointed under the state law, who was defendant in the principal judgment on which the garnishment proceedings were based, *held* unconscionable, and enjoined, where complainant was not indebted to the principal defendant, and had no

---
⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

actual notice or knowledge of the proceedings, and it did not appear, whether the agent forwarded the papers and they were lost in the mails, or failed to do so in his own interest.

In Equity. Suit by the Joseph Reid Gas Engine Company against the Exchange National Bank. Decree for complainant.

Hall & Bullock, of Shreveport, La., for plaintiff.
Dickson & Denny, of Shreveport, La., for defendant.

JACK, District Judge. The Exchange National Bank, having obtained judgment in the state court against W. L. Dickinson in the sum of $15,150, with interest and attorney's fees, had issued on such judgment garnishment proceedings against the Joseph Reid Gas Engine Company, a corporation organized under the laws of Pennsylvania and domiciled in that state. Process was served on the said Dickinson, who had been appointed agent for the said company under a state statute requiring nonresident corporations doing business in the state to appoint a resident agent for the purpose of citation. No appearance or answer was made by the garnishee, and a pro confesso judgment was rendered against the company for the amount of the judgment obtained by the bank against Dickinson, less certain credits.

The judgment having become final, the Joseph Reid Gas Engine Company, alleging that it had no knowledge of the garnishment proceedings, that it was not indebted unto Dickinson in any sum, whatever, that the judgment against it was rendered without legal service and citation, and that its enforcement would be unjust and unconscionable, brings this suit to enjoin said Exchange National Bank from executing said judgment. Plaintiff herein further specifically alleges that the court was without jurisdiction, as it could obtain jurisdiction against a nonresident corporation only by attachment, and it owed no debt to Dickinson which could be attached or garnisheed; that the state law requiring the appointment of an agent for the purpose of citation, and in compliance with which said Dickinson was named, authorized the service on such agent only in suits arising from business transactions and obligations incurred in the state, and if said statute and the article of the state Constitution under which the statute was enacted be so construed as to authorize such service of process generally for obligations arising out of the state, said constitutional provision and said statute are null and void, as being in violation of the Fourteenth Amendment to the federal Constitution, inasmuch as they authorize the taking of plaintiff's property without due process of law, and deny the equal protection of the law.

The case was submitted on a stipulation of counsel that the officers of the Joseph Reid Gas Engine Company would testify that said company was not indebted in any sum whatever to Dickinson, nor did it have in its possession any property, rights, or credits belonging to him when garnishment process issued, or at the time of the judgment; that none of said officers had any knowledge of the garnishment process, or the judgment pro confesso rendered thereon, until they received copy of said judgment from the attorneys for the Exchange National

Bank. Thus it appears from the uncontradicted testimony that either Dickinson failed to forward to the Joseph Reid Gas Engine Company the papers served on him, or, if he did so, that they miscarried in the mails, and, as a result of plaintiff's failure to receive timely information of the filing of the suit, judgment by default was rendered against it in approximately the sum of $15,000, for which there was, on its part, no liability whatsoever.

[1] It is now well settled that a federal court has the same authority as a state court to enjoin the plaintiff from executing a judgment of the state court, the enforcement of which would be inequitable or unconscionable, because obtained by fraud, accident, or mistake, without fault or negligence on the part of the defendant. See Mohawk Oil Co. v. Layne (this court) 270 Fed. 841; National Surety Co. v. State Bank, 120 Fed. 593, 56 C. C. A. 657, 61 L. R. A. 394; Marshall v. Holmes, 141 U. S. 589, 12 Sup. Ct. 62, 35 L. Ed. 870; Old Wayne Life Ass'n Co. Case, 204 U. S. 22, 27 Sup. Ct. 236, 51 L. Ed. 345; Simon Habeas Corpus Proceedings, 208 U. S. 144, 28 Sup. Ct. 238, 52 L. Ed. 429; Wells Fargo & Co. v. Taylor, 254 U. S. 175, 41 Sup. Ct. 93, 65 L. Ed. 205.

[2] In the very recent case, last cited, the Wells Fargo Express Company, by contract with the railroad company over whose lines it operated, had agreed to indemnify the railroad company against all claims of its employees for personal injuries. A messenger, employed by the express company, who had assented to this understanding and agreed on his part to assume all risk of injury from whatever cause, recovered a judgment for damages against the railroad company for injuries subsequently received, in which suit the express company was not permitted to intervene and make itself a party defendant. The court held that the latter had the authority to enjoin such messenger from proceeding to enforce his judgment. The court, in the course of its opinion, fully reviews the jurisprudence on the subject.

In the case of National Surety Co. v. Bank of Humboldt, 120 Fed. 593, 56 C. C. A. 657, 61 L. R. A. 394, the latter had obtained judgment against a nonresident surety company on the bond of its defaulting cashier. Service of process had been made on the auditor of public accounts, whom all nonresident surety companies were required by statute of Nebraska to appoint as agent for the purpose of citation. The auditor of public accounts neglected to forward the papers to the surety company, as it was his duty to do, and, in consequence, judgment was obtained by default. The suit had not been filed within the time prescribed by the policy, and the company was thus prevented from interposing this absolutely good defense. Thereafter the National Surety Company, successor to the company which had issued the policy, brought suit to enjoin the execution of the judgment. The Circuit Court of Appeals for the Eighth Circuit, on appeal, ordered a decree entered for the complainants. The court said:

"We have, then, an unconscionable judgment at law for $7,842.40 in favor of a citizen of Nebraska, to which the appellants, citizens of New York and Missouri, respectively, had a good defense, which they were prevented, by

unavoidable accident, unmixed with fault or negligence on their part, from availing themselves of. The appellees are about to enforce this judgment. Has the federal court, sitting in equity, the jurisdiction to prevent them from so doing? Fraud, accident, and mistake are three great heads of equity jurisprudence; and whenever injustice or wrong, irremediable at law, is about to result from either, power is vested in, and the duty is imposed upon, the courts of equity, to prevent the threatened injury. Their jurisdiction rests upon the fact that, unless they act, wrong will be perpetrated, which cannot be remedied, and the bills exhibited to them are appeals to the consciences of the chancellors, to prevent injustice. Counsel for the appellees concede that the federal courts have equitable jurisdiction to enjoin the enforcement of unconscionable judgments at law which have been procured by fraud, but they insist that they are without power to restrain the collection of those which are secured by accident or mistake. But the foundation of equity jurisdiction is the wrong that will be perpetrated if the court of equity does not act. Accident and mistake are as well established grounds for the action of a court of equity as fraud. It is as unjust—as abhorrent to the conscience of the chancellor—that one who does not owe a judgment which has been secured against him by accident should be compelled to pay it as is that he should be compelled to pay one procured by fraud. The injury is the same in each case. Both cases fall under equally well recognized heads of equity jurisdiction. Both appeal with equal force to the conscience of the chancellor, and the conclusion is irresistible that each is entitled to command the same measure of equitable relief. The federal courts, sitting in equity, have the same power to prevent the enforcement of unjust judgments at law, procured by accident or mistake, that they have to prevent the collection of those obtained by fraud. They have plenary jurisdiction to restrain the enforcement of judgment and decrees to which the defendants had meritorious defenses, that they were prevented from interposing either by fraud or accident or mistake unmixed with their own negligence. Marine Ins. Co. v. Hodgson, 7 Cranch, 333, 3 L. Ed. 362; Hendrickson v. Hinckley, 17 How. 442, 444, 15 L. Ed. 123; Hungerford v. Sigerson, 20 How. 156, 161, 15 L. Ed. 869; Gaines v. Fuentes, 92 U. S. 10, 22, 23 L. Ed. 524; Barrow v. Hunton, 99 U. S. 80, 85, 25 L. Ed. 407; Johnson v. Waters, 111 U. S. 640, 667, 4 Sup. Ct. 619, 28 L. Ed. 547; Arrowsmith v. Gleason, 129 U. S. 86, 97, 98, 9 Sup. Ct. 237, 32 L. Ed. 630; Marshall v. Holmes, 141 U. S. 589, 596, 12 Sup. Ct. 62, 35 L. Ed. 870. The case last cited was a suit in equity to enjoin the enforcement of judgments, and the Supreme Court there reiterated, as the settled rule upon this subject, the declaration of Chief Justice Marshall, made more than 70 years before, in Marine Ins. Co. v. Hodgson, 7 Cranch, 332, 336, 3 L. Ed. 362, that: 'Any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery.' "

The Surety Company Case is very similar to the case at bar, but with this difference: In the Surety Company Case the state statute forced the nonresident corporation to appoint the auditor of public accounts its agent for the purpose of service of process; whereas in the case at bar the Louisiana law provided that the nonresident corporation should itself appoint an agent for the purpose of service of process. In the Surety Company Case the court lays much stress on the fact that the company's agent, the auditor of public accounts, was not of its own selection, and it therefore should not, in equity, be bound by his negligence. In the case at bar the nonresident corporation was at full liberty to make its own selection of an agent, and did so in the appointment of Dickinson. This is the only essential difference between the two cases.

Dickinson's testimony was not taken. Either he mailed the papers served on him to his principal, as it was his duty to do, or he failed to do so. If he did, there was evidently a miscarriage of his letter, as it was not received, and consequently no fault or negligence could be imputed to Dickinson, or, through him as agent, to his principal. If he did not mail the papers, he thereby promoted his own interest, and he should not be allowed to profit, or his principal to suffer, because of such failure.

The judgment which the bank, by Dickinson's inaction, was thus enabled to obtain by default against his principal, was, in effect, a judgment in Dickinson's favor against the Gas Engine Company, to be applied to the extinguishment of a judgment for like amount against him by the bank. One may, by his silence or inaction, permit a judgment to go against himself, which he will not thereafter be allowed to challenge; but he may not, by such silence and inaction, himself obtain such a judgment against another. To permit the execution of the judgment in question would be to permit the bank to enrich itself at the expense of the plaintiff, who was in no wise at fault. It would be inequitable and unconscionable. Under these circumstances, plaintiff is clearly entitled to the relief sought, and it is unnecessary to pass on the other issues raised in the pleadings.

A decree will be prepared and entered in accordance with the views herein expressed.