*In re* HALSTED'S ESTATE.

APPEAL OF ELIZA M. VROOMAN.

1. EXECUTORS AND ADMINISTRATORS — APPOINTMENT — PRIORITY OF WIDOW.

The widow of one dying intestate leaving property in this State to be administered is given the prior right of appointment of administrator (3 Comp. Laws 1929, § 15586).

2. SAME—STATUTES—PRIORITY OF RIGHT OF APPOINTMENT.

Statute setting forth order of priority of right to appointment of administrator of a deceased person's estate applied to situation at time letters of administration are granted and not to situation at time of death of intestate (3 Comp. Laws 1929, § 15586).

3. SAME — RIGHT OF APPOINTMENT — HALF-SISTER — NIECE OF INTESTATE'S DECEASED WIDOW.

Niece of intestate's widow who died prior to exercising right of appointment of administrator of deceased husband *held*, not such a "grantee of the interest" of the widow as to entitle such niece to priority of appointment over intestate's half-sister under statute setting forth order of priority, since the grantor was not *in esse* at time letters of administration were granted, hence order appointing niece's nominee exceeded limits of jurisdiction of probate court (3 Comp. Laws 1929, § 15586).

4. SAME—GRANTEE OF INTEREST BY OPERATION OF LAW.

"Grantee of the interest" of person entitled to appointment of an administrator of an intestate's estate is not a person who receives such interest by operation of law from a deceased person (3 Comp. Laws 1929, § 15586).

Appeal from Ingham; Carr (Leland W.), J. Submitted October 27, 1937. (Docket No. 145, Calendar No. 39,654.) Decided December 14, 1937.

In the matter of the estate of Charles N. Halsted, deceased. Irene B. Richardson filed a petition for the appointment of Ard E. Richardson as administrator. Eliza M. Vrooman filed objections thereto. Petition granted. Eliza M. Vrooman appealed to circuit court. From order of circuit court affirming order of probate court, Eliza M. Vrooman appeals. Reversed.

*Rosenburg & Painter* (*Harlan P. Cristy* and *Monaghan, Crowley, Clark & Kellogg,* of counsel), for appellant.

*Kelley & Seelye,* for appellees.

SHARPE, J.   The facts in this case are not in dispute.   Charles N. Halsted died intestate October 3, 1936.   He was a resident of Ingham county and left surviving him as his heirs his widow, Hattie A. Halsted, and his half-sister, Eliza M. Vrooman. Hattie A. Halsted died October 29, 1936, without having petitioned for the administration of her husband's estate and left surviving as her sole heir a niece, Irene B. Richardson, who was not related by blood to Mr. Halsted.

November 2, 1936, Irene B. Richardson filed a petition in the probate court asking for the appointment of Ard E. Richardson as administrator of the Charles N. Halsted estate, setting forth that she was the sole heir and grantee of the interest of Hattie A. Halsted, and that the property of Charles N. Halsted consisted of personalty.   On December 1, 1936, the day set for hearing the above petition, Eliza M. Vrooman objected to the appointment of Mr. Richardson and also filed a petition asking for the appointment of Dan A. Parks as administrator of the above mentioned estate.   December 23, 1936, the probate court entered an order appointing Ard Richardson administrator of the Charles N. Halsted estate.

Upon appeal to the circuit court the order entered in the probate court was affirmed.   Eliza M. Vrooman, the half-sister of Charles N. Halsted, appeals and claims the right to dictate the appointment of the administrator under the provisions of 3 Comp. Laws 1929, § 15586,* while Irene B. Richardson, sole heir of the widow, also claims the right of dictating the appointment.

---

* See Act No. 240, Pub. Acts 1935, which purports to repeal inconsistent portions of 3 Comp. Laws 1929, § 15586.—REPORTER.

The question presented in this cause involves a construction of 3 Comp. Laws 1929, § 15586, which reads as follows:

"Administration of the estate of a person dying intestate shall be granted to some one or more of the persons hereinafter mentioned, and they shall be respectively entitled to the same in the following order:

"1. The widow, husband or next of kin, or a grantee of the interest of one or more of them, or such of them as the judge of probate may think proper, or such person or persons as the widow, husband, next of kin or grantee may request to have appointed, if suitable and competent to discharge the trust;

"2. If the widow, husband, next of kin or grantee, of the person selected by them shall be unsuitable or incompetent, or if the widow, husband, next of kin or grantee shall neglect for thirty days after the death of the intestate to apply for administration, or to request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent and willing to take it."

There is no dispute over the fact that had the widow in her lifetime petitioned for the administration of her husband's estate, she would have prevailed over all other claims (*In re Morgan's Estate,* 209 Mich. 65); and that the above statute prescribing who shall be appointed administrator of the estate of a deceased person applies to the situation at the time letters of administration are granted and not to the situation at the time of the death of the deceased. *In re Sprague's Estate,* 125 Mich. 357.

It is contended by the appellee that Irene B. Richardson was the "grantee of the interest" of the widow in the estate of Charles N. Halsted within the meaning of 3 Comp. Laws 1929, § 15586, and cites

*Osmun* v. *Galbraith,* 131 Mich. 577, in support thereof. In that case the trustee in bankruptcy became entitled by operation of law to the interest held by Mary E. Young in the estate of her mother. The court there said:

"It is contended that the petitioner, Galbraith, is not the grantee of the next of kin, within the meaning of this statute. We fail to perceive why not. Certainly the interest which Mary E. Young had in her mother's estate passed by the assignment in bankruptcy to the trustee. He became a grantee of that interest, and, we think, is within the word, as well as the spirit, of the statute. This being so, we do not feel that we would be justified in interfering with the discretion exercised by the circuit judge."

See, also, *In re Corby's Estate,* 231 Mich. 235; *Paperno* v. *Michigan Railway Engineering Co.,* 202 Mich. 257; *In re Brooks' Estate,* 110 Mich. 8.

In all of the above cases the person preferred by the statute was under some disability preventing the exercise of his right and we held that because of such disability his representative could exercise that right as grantee of that interest within the meaning of the statute. In all of these cases the grantor was *in esse* at the time the appointment was made.

Section 76, 1 Comp. Laws 1929, states:

"In the construction of the statutes of this State the following rules shall be observed, unless such construction would be inconsistent with the manifest intent of the legislature, that is to say:

"1. All words and phrases shall be construed and understood according to the common and approved usage of the language; but technical words and phrases, and such as may have acquired a peculiar, and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning; * * *

"5. The word 'grantor,' may be construed as including every person from or by whom any estate in lands passes, in or by any deed; and the word 'grantee,' as including every person to whom any such interest or estate passes in like manner."

In our opinion the words "grantee of the interest" do not extend to one who receives such interest by operation of law from a deceased person. In the case at bar the only person *in esse* who is mentioned in the statute is the next of kin, the half-sister, and to her goes the privilege of naming the administrator of the estate of Charles N. Halsted.

The order of the probate court exceeded the limits of its jurisdiction and the order of the circuit court affirming the same is reversed. Appellant may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.