OZIAS W. SHIPMAN, ADM'R FOR FRANCIS M. STONE v. LEANDER S. BUTTERFIELD AND STEPHEN BALDWIN.

*Petition for administration—Jurisdiction to appoint administrator.*

A petition for administration of the estate of an intestate does not confer jurisdiction to appoint an administrator if it does not show that the petitioner is interested in the estate as next of kin, creditor or in some other capacity enumerated in Comp. L. § 4379.

Jurisdiction to appoint an administrator must appear affirmatively on the face of the petition for administration.

Error to Superior Court of Detroit. Submitted January 11. Decided January 18.

ASSUMPSIT. Plaintiff brings error. Affirmed.

*Edwin F. Conely* (*Maybury & Conely*) for plaintiff in error.

*Otto Kirchner, Levi T. Griffin* and *Ashley Pond* for defendant in error. Probate proceedings must be treated as void if the jurisdictional facts relied on are not in the record: *Besancon v. Brownson* 39 Mich. 392.

MARSTON, J. In this case after letters of administration had been introduced in evidence, counsel for the plaintiff introduced the record and files of the probate court in the matter of the estate of the deceased, to show the appointment of the plaintiff as administrator. Objection was then made that the petition for the appointment of an administrator did not set forth sufficient facts to confer jurisdiction in the probate court, and that there was nothing in the record or files of that court to supply the omission. The objection was sustained.

Section 4379 provides that administration of the estate of a person dying intestate shall be granted to some one or more of the persons therein mentioned and in the order therein set forth. The petition in this case does not show that it was made by any person interested in the settlement of the estate as the statute requires. For aught that appears the petitioner and the person appointed were entire strangers and had no interest whatever in the estate of the deceased either as next of kin, creditor or otherwise, and this it was held could not be done in *Besancon v. Brownson* 39 Mich. 393.

It is true that the statute does not in express terms require that these facts shall be set out in the petition, but the rule is universal that jurisdiction must affirmatively appear: and whether the necessary facts are to be shown in

one way or another it is clear that in this case this general rule has been disregarded. The plaintiff was called upon by the objection to present any evidence which could sustain the action of the court; and he produced for the purpose the whole files and records; but they are bare of any showing that the probate court had before it in any form the jurisdictional facts which authorized it to deal with the estate.

The judgment must be affirmed with costs.

The other Justices concurred.