## MARY HAUG v. PETER PRIMEAU.

*Estates of deceased persons—Appointment of administrator— Petition—Jurisdiction—Sale of lands—Equity.*

1. A proper petition is a condition precedent to the appointment of an administrator under the statute providing for the administration of the estates of deceased persons.

2. A petition for the appointment of an administrator, which shows upon its face that the petitioner is not one of the persons to whom administration is required in the first instance to be granted, and which fails to show that the petitioner is a creditor of the estate, or that he has been requested by any of

said persons to make said petition, confers no jurisdiction upon the probate court to grant letters of administration to the petitioner or to any other person, and an order for the sale of real estate made in the course of such an unauthorized administration, as also the sale made thereunder, is void.

3. A bill will lie in behalf of an heir to remove the cloud upon his title created by a conveyance by the administrator in consummation of such void sale.

Appeal from Houghton. (Haire, J., presiding.) Submitted on briefs November 3, 1893. Decided December 8, 1893.

Bill to remove cloud from title. Decree overruling demurrer affirmed, and defendant given 20 days in which to answer. The facts are stated in the opinion.

*Dunstan & Hanchette,* for complainant.

*Hubbell & Gray,* for defendant.

LONG, J. Bill to remove cloud from title. Complainant married one Michael Haug, November 30, 1889. He died intestate July 19, 1890, leaving no children surviving him. June 10, 1891, Mathias Haug petitioned the probate court for administration upon the estate of Michael Haug. He averred in his petition that he was interested in the estate as a half-brother of the deceased; that the deceased died seised of real estate of the value of $400, but left no personal estate; that the heirs at law were Mary Haug, his wife, aged 30 years, and the petitioner, a half-brother, both residents of this State, and also Anna Haug, his mother, Andrew Haug, a half-brother, Barbara Haug, a sister, and Anna Alers, a step-sister, all resident in Germany. Due notice was given of the hearing of this petition, and Mathias Haug was appointed administrator of the estate, and he duly qualified and proceeded to act as such. Notice to creditors to file claims was duly given, and at the expiration of the time fixed for filing, no

claims having been filed, the administrator, on February 2, 1892, filed his petition in the probate court praying for the sale of the interest of the deceased in the lands, being an undivided one-half interest. In his petition he alleged that no personal property of the deceased had come into his hands, and that the only personal estate belonging to the deceased consisted of some household furniture of the value of $250, which had been selected by the widow under the statute. He further averred in this petition that there were no debts outstanding against the estate, and that no claims had been allowed against it; that the charges and expenses of administering the estate, including the future probable charges and expenses, would amount to the sum of $250; that it was necessary, for the purpose of paying said charges and expenses, to raise the said sum of $250 by the sale of said lands; that said lands were wild and unculti- vated, and yielded no income whatever, but that the interest of the deceased in said lands was worth $200. He further set forth the names of the heirs at law and persons interested in the estate, as above specified. The probate court ordered the sale as prayed. It was duly advertised, the necessary bond and oath filed, and the sale made on May 21, 1892, to the defendant in this suit for the sum of $120. A report of the sale was made and confirmed, and a deed to the purchaser ordered and made on that date. The administrator afterwards made and filed his final account, which was allowed. This account showed the receipt of the $120, the purchase price of the land, and the expenses, as follows: Publishing and posting the necessary legal notices, $40.65; taxes paid, $24.23; attor- ney's fees paid, $50; administrator's commission, $6,—total, $120.88; leaving a balance due the administrator of 88 cents. Afterwards, and on October 17, 1892, upon a proper petition and hearing, the administrator was duly

discharged, and his bond and letters of administration canceled.

October 19, 1892, the complainant filed this bill, praying that the defendant be required to quitclaim to her an undivided one-quarter interest in said lands, and that the deed given to defendant upon said sale be canceled and set aside as to that one-quarter interest. The bill alleges such interest to be worth $500. Defendant appeared and filed a general demurrer to the bill, which was overruled by the court below, and this appeal is taken by the defendant.

Complainant claims by her bill—

1. That the entire administration proceedings are void, for the reason that the court never acquired jurisdiction of the matter, because the petition for the appointment of an administrator was not made by any one interested in the estate.

2. That if the probate court did obtain jurisdiction for the appointment of the administrator, yet it had no jurisdiction to order a sale of the lands, for the reason that the petition for the sale showed on its face that the sale asked for was for the purpose simply of paying the charges and expenses of administration, and not for debts and claims against the estate.

The claims of the defendant are—

1. That the petition for the appointment of the administrator was sufficient, and the court thereby acquired jurisdiction, and that, if any defects appeared in any of the proceedings, they were at most irregularities, and did not render such proceedings void, but voidable only, by action taken in the probate court itself, or by appeal therefrom.

2. That this bill cannot be maintained, as it is a collateral attack, and the lands are held by one who purchased in good faith.

How. Stat. § 5849, as amended by Act No. 68, Laws of 1889, provides for the administration of the estates of persons dying intestate, and directs to whom administration shall be granted, and in the following order:

"*First.* The widow, husband, or next of kin, or a grantee of the interest of one or more of them, or such of them as the judge of probate may think proper, or such person or persons as the widow, husband, next of kin, or grantee may request to have appointed, if suitable and competent to discharge the trust.

"*Second.* If the widow, husband, next of kin, or grantee, or the person selected by them, shall be unsuitable or incompetent, or if the widow, husband, next of kin, or grantee shall neglect for thirty days after the death of the intestate to apply for administration or to request that administration be granted to some other person, the same may be granted to one or more of the principal creditors, if any such are competent and willing to take it.

"*Third.* If there be no such creditor competent and willing to take administration, the same may be committed' to such other person or persons as the judge of probate may think proper."

It is evident that under this statute an administrator can be appointed only when a proper petition is filed for that purpose. The petition was made by a half-brother of the deceased. On its face it appears that he was not the next of kin. Under the statute the estate descended to the widow and the mother of the deceased in equal shares, as there were no children. Act No. 168, Laws of 1889. The petitioner was not the grantee of the interest of the widow or the mother of the deceased; nor does it appear that he was requested by the next of kin, or the grantee of the interest of one or more of them, to petition for administration. He was not a creditor of the estate, or in any way interested in it. The petition, upon its face, did not confer jurisdiction upon the court to grant letters of administration to the petitioner or any other person. *Shipman v. Butterfield,* 47 Mich: 487; *Besancon v. Brownson,* 39 Id. 388; *Breen v. Pangborn,* 51 Id. 29. It follows that the order for the sale of the property was void, whether it was for the purpose of paying debts, or simply for expenses of administration.

Some question is raised by the defendant that the suit

in equity could not be maintained, as it was a collateral attack upon the proceedings. This point is not well taken. The conveyance made by the administrator is a cloud upon complainant's title, and she, being the owner of an undivided quarter interest, has the right to invoke the aid of a court of chancery to remove the cloud.

The decree of the court below overruling the demurrer must be affirmed. Defendant will be given 20 days from date of notice of this affirmance to answer complainant's bill.

The other Justices concurred.