JEPSON, administratrix, *v.* MARTIN, executor.

1.　Where, after the death of an executor without having completed administration of the estate of his testator, the court of ordinary of the county of the residence of the testator appoints, upon application, an administratrix de bonis non cum testamento annexo, it will be presumed, in the absence of any showing to the contrary, that the ordinary acted within his powers, and that the appointment of the administratrix was valid.

2.　A petition by an administratrix de bonis non with the will annexed, to recover from the executor of the executor of her testator property in the hands of the executor of her testator unadministered at the time of the death of the first executor, which shows her appointment as administratrix by a court of ordinary having jurisdiction to make the appointment, and which alleges that at the time of the appointment there was no executor on the estate of her testator, is not subject to demurrer on the ground that, because of the rule of law that an executor of an executor is ipso facto executor of the estate of which his testator was executor, the appointment of the plaintiff as administratrix was invalid and she had no cause of action as such administratrix.

Submitted November 24, — Decided December 12, 1902.

Complaint.　Before Judge Butt.　Muscogee superior court.　May 14, 1902.

*James L. Willis,* for plaintiff.
*J. H. Martin* and *A. W. Cozart,* for defendant.

CANDLER, J.　Mrs. Jepson brought her petition against Martin as executor of the estate of Brannon, making substantially the following allegations.　F. A. Jepson died in 1891, leaving a will in

which he named Brannon as executor of his estate. Brannon qualified during the same year, and took charge of the property of the estate, which at that time was worth $2,000, or other large sum, and was more than sufficient to pay all the debts of the estate and leave a considerable sum to be divided among the legatees of the will. Brannon failed and refused to fully administer the estate, and while still executor he died, in May, 1900, having in his hands, belonging to the estate of Jepson, the sum of $592, with interest thereon from February 2, 1892. Brannon left a will in which he named Martin as his executor, and on June 4, 1900, Martin qualified as executor of Brannon, and took charge of the assets of his estate, and he is now the only executor on the estate of Brannon. After the death of Brannon, "there being no executor of the estate of the said F. A. Jepson," the plaintiff applied for letters of administration on Jepson's estate, and on November 5, 1900, she was, by the ordinary of Muscogee county, duly appointed administratrix with the will annexed of that estate, "and is now, under and by virtue of said appointment by the ordinary of Muscogee county, the administratrix with the will annexed of the estate of the said F. A. Jepson, deceased." Brannon, during his lifetime, and Martin, since Brannon's death, have refused to pay to the plaintiff the balance of the property of Jepson unadministered, to her damage one thousand dollars; and she sues as administratrix with the will annexed of Jepson to recover this balance from Martin. To this petition the defendant demurred generally and specially, and the plaintiff filed an amendment to meet the objections set up by special demurrer. The defendant then demurred to the petition as amended, the grounds of the demurrer relied upon in this court, and which are germane to this discussion, being, (1) that, it appearing from the petition that Martin was and is the sole executor of Brannon, and that Brannon was the sole executor of Jepson, and it not being alleged that Martin had been removed as executor of Jepson or of Brannon, the alleged appointment by the ordinary of Muscogee county of the plaintiff as administratrix with the will annexed of Jepson was and is void; (2) that, it appearing from the petition that Martin is the executor of Brannon, who was the executor of Jepson, Martin, by virtue of his appointment and qualification as executor of Brannon, became the executor of the will of Jepson, and is entitled to administer the same. After argument

the court below sustained the demurrer and dismissed the petition, and the plaintiff excepted.

1. If it had affirmatively appeared from the petition that at the time of the appointment of the plaintiff as administratrix of the estate of Jepson, Martin was, virtute officii, qualified and acting as the executor of that estate, there would be no question as to the correctness of the decision of the court below in sustaining the demurrer; for it would have been plain that the plaintiff was acting under an appointment which the court of ordinary had no power to make. But such is not the case laid in the petition. On the contrary, the plaintiff distinctly alleges that at the time of her appointment there was no executor of the estate of Jepson. It is so well settled as to need no citation of authority that the judgments of a court of general jurisdiction are presumptively valid. The petition alleges the appointment by the ordinary of Muscogee county of the plaintiff as administratrix with the will annexed of Jepson. In the absence of anything to the contrary, that allegation carried with it, by necessary implication, the allegation that the judgment of the ordinary making the appointment was valid and within his authority. The fact that the petition also shows that Martin qualified as executor of Brannon immediately after the death of the latter does not overcome the presumption in favor of the validity of the appointment of the plaintiff as administratrix, even though, as will be hereafter shown, Martin became, by operation of the law, executor of the estate of Jepson by virtue of his qualification as executor of the estate of Brannon; for it was quite within the bounds of possibility that Martin, after qualifying as executor of the estate of Brannon, and ipso facto of the estate of Jepson, may have resigned, renounced, or been removed from his office of executor of the estate of Jepson. This branch of the case is controlled by the decision of this court in the case of *Printup* v. *Patton*, 91 *Ga.* 423, wherein it was held: " The appointment of an administrator with the will annexed is not necessarily void because an executor had previously been duly qualified and letters testamentary issued to him." We quote the following language of Chief Justice Bleckley in that case (p. 434): " It did not affirmatively appear that the executor, . . though still living, had not resigned or been removed before Forsyth was appointed administrator with the will annexed. The fact of Forsyth's appointment by the court of

ordinary, which had jurisdiction of the subject-matter, implied that there was a vacancy in the office of executor, since, were there not a vacancy, no occasion for such an appointment would have existed. That court, being one of general jurisdiction touching the administration of estates, testate and intestate, every presumption is in favor of the regularity and validity of its judgments. . . There was no necessary inconsistency between the two representations of the same estate, one succeeding the other, though the first representative was not yet dead."

2. "At common law an executor of an executor was ipso facto the executor of the first testator." 11 Am. & Eng. Enc. L. (2d ed.) 748 – 9, and note on p. 749. This law is still of force in Georgia. It was not abrogated by the act approved December 27, 1845 (Acts 1845, p. 15), "to define the rights and powers of administrators 'de bonis non,'" for that act was plainly intended to apply to cases where an executor had been removed, or had died intestate, leaving the estate without administration, and to provide for the turning over to the administrator de bonis non of the assets of such unadministered estate. This is so for the very excellent reason that at the time of the passage of the act, the common law on this subject being in force, there could be no administrator de bonis non on the estate of one whose executor had died testate leaving in life an executor of his estate, as the executor of the executor would at once become the executor of the first testator by operation of law; and it is not to be supposed that the lawmaking power intended to commit the absurdity of directing the turning over of assets of an estate, which, as the law then stood, was already represented, to an officer who had no legal existence, without at least breathing life into such officer by providing for his appointment by the proper authority. Nor was the common law affected by the act of 1852 (Civil Code, § 3390), which is relied upon by counsel for the plaintiff in error; for that act was, by its terms, applicable only to unrepresented estates, and as has already been shown, the estate of one whose executor had died leaving an executor in life could not, at the time of the passage of the act, have been called an unrepresented estate. The common-law rule is clearly recognized as being of force in Georgia, in the cases of *Burch* v. *Burch*, 19 *Ga.* 174, and *Windsor* v. *Bell*, 61 *Ga.* 675. But, as has been pointed out in the first division of this opinion, while it is true that the petition

clearly showed that Martin had been the executor of Jepson, by reason of his qualification as executor of Brannon, it does not affirmatively appear that he was Jepson's executor at the time of the appointment of the plaintiff as administratrix ; and as that appointment was presumptively valid and regular, it was erroneous for the court to sustain the demurrer upon the idea that the petition showed on its face that the plaintiff was proceeding as administratrix without authority of law.

We have omitted to deal with the other grounds of the demurrer, for the reason that an examination of them shows them to be without merit, and because the case was argued here, and was evidently decided in the court below, entirely upon the line indicated in the foregoing opinion.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*