HARRIS *v.* BOW.

WILLS—CONSTRUCTION—PRESUMPTIONS—REMEDY AT LAW.

A bill in equity filed more than 30 years after the testator's death will not lie for a construction of the will, in the absence of allegations that the estate was not closed by the executors, that there are creditors, or that there is personal property to be distributed; the presumption being that the probate court and the executors performed their respective duties. And where it appears that the only question involved is as to the ownership of real property, the bill will be dismissed, the parties having an adequate remedy at law.

Appeal from St. Clair; Law, J. Submitted January 21, 1909. (Docket No. 16.) Decided March 16, 1909.

Bill by Edward W. Harris, administrator de bonis non with the will annexed, of the estate of Samuel Dunbar, deceased, against Frances Bow, Wealthy Sherman,

Margaret D. Parkhurst, Marietta D. Annis, George B. Tunningly and Jeanetta L. Tunningly for a construction of said will.   From an order overruling a demurrer to the bill, defendants Tunningly appeal.   Reversed, and bill dismissed.

*Thomas Wellman,* for complainant.

*Joseph Walsh,* for appellants.

From a decree overruling a demurrer to the bill filed in this case, the defendants Tunningly appeal.   The bill sets forth that one Samuel Dunbar died testate in 1877, leaving surviving as his heirs at law three daughters and two grandchildren, the daughters of a deceased son.   These two grandchildren are the defendants Parkhurst and Annis.   The daughters were then unmarried and were named, respectively, Elizabeth, Sybil, and Mary.   He died seised of 40 acres of land occupied as his homestead. His will, after providing for payment of his debts and funeral expenses, reads as follows:

"The remainder of my personal estate and all my real estate of which I shall die possessed, I give and bequeath to my three daughters, named as follows, Elizabeth Elyshel, Sybil Matilda and Mary Adeline, as follows, to wit: Each of my said daughters above mentioned shall have the right to use and occupy all my estate, both real and personal, share and share alike, so long as they all shall remain single and unmarried.   But in case either of my daughters shall marry, then from and after the time of said marriage or marriages, said daughter or daughters so married shall not be entitled to have any further right to use or occupy any of my estate, either personal or real, so long as my remaining daughter or daughters shall live or remain single.

"But in case all my daughters above named shall marry, then and in such case, at and immediately after the marriage of my last living or single daughter, then and in such case all my estate both real and personal shall be sold for the best price or prices that can be obtained for the same and divided equally between my three

daughters above named, share and share alike, if they are all living at that time.

".But in case either of my daughters above named should die before such division takes place, leaving heirs, then and in such case her heirs shall be entitled to their mother's portion of said estate.  At the marriage of my last single daughter, if it shall be agreeable to all then living, either of my daughters may purchase and buy out their sister's right to said estate, if they can so agree, in preference to having said estate sold and equally divided as above described."

He named two executors.  The will was duly admitted to probate December 24, 1877, and the executors named therein confirmed as executors.

None of the daughters married, and all are deceased. His daughters occupied the premises so long as they lived. Elizabeth and Sybil died first.  Mary died October 1, 1906.  On June 9th the same year she executed a warranty deed to the defendants Bow and Sherman.  After this bill was filed Bow and Sherman conveyed to the defendants Tunningly.  Complainant was appointed administrator de bonis non with the will annexed on January 21, 1907, and filed this bill to obtain a construction of the will.  The defendants Tunningly demurred on the ground that the remedy at law is complete and adequate, and that neither the complainant nor the estate of Mr. Dunbar has any interest in the real estate described in the bill.

GRANT, J. (after stating the facts).  The defendants Parkhurst and Annis, while nominal defendants, are really complainants, for in their answer they ask the same relief that the complainant asks by his bill.  This suit is evidently instituted in their interest and an administrator appointed for that purpose.  The bill does not allege that the estate was not closed by the executors named in the will, who have long since died.  Presumptively the probate court and the executors did their duty and settled the estate.  Presumptively there are no creditors.  These pre-

sumptions follow after the lapse of 30 years, in the absence of any allegations in the bill to the contrary. The bill fails to allege that there is any personal property. It is filed for the sole purpose of determining who was entitled to the real estate described in the will. The question involved is purely a legal one, namely, In whom is the title in fee after the death of the three daughters? The contest is between the two daughters of the deceased son and the grantees of Mary. There is no occasion for the appointment of an administrator, or for the filing of a bill in chancery to determine this question. All the questions raised are questions of law, and can readily be determined in an action of ejectment. The demurrer should have been sustained. *Warren* v. *Warren*, 151 Mich. 95.

Decree reversed, and decree entered in this court dismissing the bill of complaint, with the costs of both courts.

BLAIR, C. J., and MONTGOMERY, MOORE, and McALVAY, JJ., concurred.