## DIEM v. DROGMILLER.

1. ESTATES OF DECEDENTS — EXECUTORS AND ADMINISTRATORS — APPOINTMENT.

A recovery by an administrator in trover for personal property which remained in the possession of testator's son for thirteen years, subsequent to his death, is barred by testimony which shows that the other persons interested in the property by virtue of the testator's will acquiesced in the possession by the son and had entered into a compromise with him of their rights under the will, and that the administrator was appointed for the purpose of instituting an action on the petition of a daughter who had no interest in the estate.

2. SAME — PETITION FOR APPOINTMENT OF ADMINISTRATOR — PROBATE OF WILLS.

One having no interest in the estate of a deceased has no right to petition either for the probate of the will or the appointment of an administrator.

3. SAME — PROBATE COURTS — COLLATERAL ATTACK ON APPOINTMENT OF ADMINISTRATOR.

Where plaintiff's own evidence discloses that he has no right to recover, as administrator, it is not a collateral attack upon the order appointing him to direct a verdict for the defendant.

Error to St. Clair; Tappan, J. Submitted June 16, 1909. (Docket No. 116.) Decided October 4, 1909.

Trover by Henry Diem, administrator of the estate of Henry Drogmiller, Sr., deceased, against Henry Drogmiller, Jr. A judgment for defendant is reviewed by plaintiff on writ of error. Affirmed.

*Moore & Wilson*, for appellant.

*Walsh & Walsh*, for appellee.

BLAIR, C. J.  This is an action of trover for the conversion by defendant of certain personal property alleged to belong to the estate of his father, Henry Drogmiller, who died testate March 11, 1894. Under his plea of the general issue, defendant gave notice of the statute of limitations; undisputed ownership since the death of testator under a claim of ownership acquiesced in by the heirs, devisees, and legatees of testator; estoppel to contest his ownership because of a division of the property and acquiescence in his acts of ownership thereafter; a settlement by the parties in interest.

Henry Drogmiller, Sr., executed the will in question October 28, 1888. After giving 40 acres of land to defendant he devised the homestead 40 to his wife, Marie Drogmiller, for life, remainder in fee to defendant, with the condition that he pay $500 to his sister Emma.

"*Third.* The personal property that is or may be on the farm after my death shall belong to my wife, Marie, and to Henry, my son, half and half, and after the death of my wife, Marie, it shall all belong to my son, Henry.

"*Fourth.* Having paid my son, Charlie, and my daughter, Louise Guldenstein, their share, they shall not receive any more of the property after my death.  But if my son, Henry, should die before my wife, Marie, then the homestead shall belong to said my wife and she shall have the right to dispose of it as she likes best."

A couple of weeks after the father's death the widow handed the will to defendant, with a request that he probate the will.  He took no steps to probate the will, in consequence of something the executor named therein told him, and handed it back to his mother.  Some three years

after Mr. Drogmiller's death the widow left the farm, and went to live with her daughter Emma, then Emma Wilde. In 1902 the parties interested in the estate met, and settled their entire interests in the real estate, and the others executed quitclaim deeds thereof to defendant. Nothing was said at that time about, and no express settlement was made with reference to, the personal estate. The bequest of $500 to Emma was paid by defendant. In 1905, Emma Wilde petitioned for the probate of the will, and the same was duly probated.

The principal, and substantially the only, question of fact submitted to the jury was whether, under the evidence, an executed gift of the personal property had been made by the father in his lifetime to the defendant. It is, in my opinion, not necessary to determine whether there was sufficient evidence to go to the jury on the question of a gift of the personal property by the testator to the defendant. The testator died possessed of two 40-acre lots. By his will he bequeathed one lot to the defendant, the other, his homestead, to his wife during her life, and after her death to the defendant; but if he died first, then the homestead to belong to his wife in fee. He bequeathed the personal property that may be on the farm at his death to his wife and to Henry, half and half, and after her death it should all belong to Henry. The will was not probated. Henry, with the knowledge of the other heirs, paid funeral expenses, physicians' bills, and the other debts, and erected a monument at his own expense. Subsequently the parties, by a settlement, carried out the provisions of the will and executed deeds for that purpose. The will also provided that Henry should pay his sister Emma $500 when she should marry or become of age. This was paid. Subsequently the widow left the homestead and home of Henry and went to live with her daughter.

At the time of the settlement, in consideration of $750 and an agreement to pay $60 per year during her lifetime for her support, the mother conveyed her interest in the

homestead to Henry.   Meanwhile Henry had carried on
the farm, and had had the control and use of the personal
property, small in amount.   His mother had made no de-
mand on him for her part of the personal property, and
had evidently acquiesced in his use thereof.   At this set-
tlement nothing was said about the personal property.
Eleven years after the death of the testator, the daughter
filed a petition in the probate court for the probate of the
will.   She had no interest in the personal property.   She
had received her entire share under the provisions of the
will.   The only parties interested in the personal property
were, and still are, the defendant, Henry, and his mother.
Thirteen years after testator's death this suit is brought.
There is nothing to settle except the personal property, in
which, as already stated, Henry and his mother are alone
interested.   The record is barren of any competent evi-
dence that she makes any claim to the property, or that
she has any knowledge of this proceeding.   Under this
record the daughter Emma, having no interest whatever
in the estate, secured the probate of the will, and the ap-
pointment of an administrator with the will annexed, for
the sole purpose of having the administrator bring this
suit.   There is no pretense whatever of any other reason
for securing the probate of the will.   One having no in-
terest in the estate of a deceased has no right to petition
either for the probate of the will or the appointment of an
administrator.

A considerable portion of the personal property, hogs,
chickens, cows, etc., would, in the nature of things, be
used up upon the farm, and, in the course of time, utterly
disappear.   It was undoubtedly contemplated by all par-
ties concerned, including the testator, that the son and
mother would live together upon the farm.   Presumably
she had the benefit of this property while she lived at
home, some four or five years, after her husband's death.
She left it there when she preferred to go and live with
her daughter.   In lieu of the provision made by the will
for her, she chose to sell and convey all her interest in the

real, if not in the personal, property, and to take $750 for her life interest and $60 a year for her support. I think it a fair conclusion, from the testimony of the daughter, the moving spirit in this litigation, that it was understood that all these matters were settled. She testified:

"When I had given Henry the deeds, and had gotten my $100, and mother got her $600, I went home and nothing was said about anything left unsettled. So far as anything was said, everything was settled between our folks, my mother, myself, and Henry, and it remained settled until I filed this petition in the probate court some three or four years afterwards."

For 13 years prior to the bringing of this suit the mother acquiesced in his possession and use of the personal property, and, for anything here appearing, still acquiesces in it. The court should, as requested, have directed a verdict for the defendant. See *Beardslee* v. *Reeves*, 76 Mich. 661 (43 N. W. 677); *Harris* v. *Bow*, 156 Mich. 28 (120 N. W. 17).

This holding is not a collateral attack upon the decision of the probate court appointing an administrator. It appears from the plaintiff's own showing that he had no interest whatever in this property, its possession, use, or control. Where the absence of any right to maintain a suit appears from plaintiff's own evidence, he cannot recover. The question is raised here precisely as it was in the cases above cited.

The judgment is affirmed.

GRANT, MONTGOMERY, MCALVAY, and BROOKE, JJ., concurred.