Hosher *et al.* v. Fitzpatrick, executrix, *et al.; et vice versa.*

Per Curiam. 1. The allegations of the defendants' answer on the subject of accord and satisfaction are to be construed, upon demurrer, in connection with the recitals of certain exhibits attached to and made a part of the answer. When the whole answer thus constituted is considered, it is insufficient to set up accord and satisfaction of any of the matters in dispute.

2. Objection to the form of the auditor's report should be taken advantage of by motion to recommit, and not by exceptions of law to the report. *Southern Pine Co.* v. *Dickey,* 136 Ga. 662 (71 S. E. 1110).

3. The rulings on evidence to which exceptions were taken by plaintiffs and defendants present no novel questions, and show no error.

4. In the Civil Code, §§ 4062, 3892, provision is made for an administrator or executor to charge "a commission of two and one half per cent. on all sums of money received" on account of the estate, except money loaned and repaid to him; and a like commission on all sums paid out by him, either to debts, legacies, or distributees. By section 4065 it is provided that no commission shall be paid to any administrator or executor for delivery of any property in kind; but the ordinary may allow "reasonable compensation for such service, not exceeding three per cent. on the appraised value." *Held,* that in an equitable suit by legatees against executors, for an accounting, it is competent for the executors to be decreed an allowance for commissions to which they would be entitled under the code section first mentioned, and also to reasonable compensation to which they might be entitled under the section last mentioned, notwithstanding no application has been allowed therefor in the court of ordinary.

5. It is provided in the Civil Code, § 4067, that "extra compensation may be allowed by the ordinary. But in no case is the allowance of extra compensation by the ordinary conclusive upon the parties in interest." *Held,* that where it appears that the ordinary has formally allowed the executors extra compensation under this section of the code, such allowance being within the jurisdiction of the ordinary, it will be presumed that he had before him sufficient evidence upon which to base his order; and where, in an equitable proceeding such as is mentioned in the preceding note, an order of this character is attacked as being unauthorized by the evidence, the burden is upon the party attacking the order to show that the allowance was improperly made.

6. Applying the principles announced in the preceding notes, there was no error in approving the findings of the auditor on exceptions both of law and fact relating to the allowance of commissions, reasonable expenses, and extra compensation.

7. One of the executors was a partner of the testator at the time of his death, and among the properties of the partnership were certain storehouses over which was a hotel. In the exercise of his discretion the surviving partner, pending the winding up of the partnership affairs, conducted the hotel at a loss. There was evidence which authorized a finding that the hotel business was so conducted with the knowledge and assent of the legatees who were the plaintiffs. The suit for an accounting had reference to the partnership property, as well as the general property of the testator. *Held*, that there was no error, under the circumstances, in refusing to charge the executor with the loss accrued in running the hotel, or in allowing the surviving partner a reasonable charge for services in conducting the hotel.

8. No assignment of error in either bill of exceptions shows cause for reversal.

*Judgment affirmed on each bill of exceptions. All the Justices concur, except Fish, C. J., absent, and Hill, J., disqualified.*

FEBRUARY 24, 1917.

Exceptions to auditor's report. Before Judge Walker. Wilkes superior court. September 3, 1915.

*William Wynne* and *Samuel H. Sibley,* for plaintiffs.

*Callaway & Howard* and *W. A. Slaton,* for defendants.