## 12835.   BURKHALTER v. WATERS.

" An application for letters of administration which fails to allege that the applicant is an heir at law of the decedent, or a creditor of the estate, or any other reason which, under the law, would entitle the applicant to the administration, should be dismissed upon motion made on that ground by caveators appearing at the hearing who are heirs at law of the decedent."

DECIDED MARCH 7, 1922.

Appeal; from Tattnall superior court — Judge Strange presiding. July 7, 1921.

Mrs. Burkhalter applied for letters of administration on the the estate of Mrs. Libbie Waters, alleging that she was the mother of the decedent. W. W. Waters filed a caveat, alleging that administration was not necessary for the reason that the decedent left no debts, and left as her two heirs at law the caveator, who was her husband, and a minor child, and that the caveator had taken out letters of guardianship of the person and property of the child, and, as such guardian, had taken possession of the property of the child, and that administration on the estate would cause unnecessary expense, and further alleging that if the court decided to appoint an administrator of the estate the caveator, and not Mrs. Burkhalter, was entitled to be appointed. Upon a hearing before the ordinary the petition for administration was denied. An appeal was taken to the superior court, and on the trial there the presiding judge, after all the evidence was in, made the following announcement: " It appearing to the court that the applicant for letters of administration is the mother of the deceased, and it appearing further that the deceased left a husband who now

survives her, and one child, and it appearing that there are no debts owing by the estate of the deceased, and it further appearing that the applicant is neither an heir nor a creditor of said estate, the court is of the opinion that the applicant has no legal rights whatever to letters of administration upon this estate; and it further appearing that the entire estate has been turned over to the husband of the deceased as an heir and as guardian for his minor child, and that there is no necessity for his administration upon this estate, the court denies the application for administration, and directs that a verdict be returned in favor of the caveator." The jury returned a verdict "in favor of the caveat and that there be no administration granted." A judgment was entered on this finding, and Mrs. Burkhalter brought the case here for review.

*A. T. Way,* for plaintiff in error.

BLOODWORTH, J. (After stating the foregoing facts.) This case is controlled by the ruling in *Towner* v. *Griffin,* 115 *Ga.* 965 (42 S. E. 262). In that case Mr. Justice Cobb said: "The code provides that every application made to the ordinary for the granting of any order shall be by petition in writing, stating the ground of such application and the order sought. Civil Code [1895], § 4254. It is also provided that all objections or caveats to an order sought shall be writing setting forth the grounds of such caveat. Civil Code [1895], § 4256. It has been held that a caveat to an application for letters of administration should show that the caveator is interested in the estate, either as a creditor of the estate or an heir at law of the decedent. *Williams* v. *Williams,* 113 *Ga.* 1006 [39 S. E. 474], and case cited. The reason for this rule is that a mere interloper should not be allowed to interfere where a proper application has been made for letters of administration upon the estate. A person who is not concerned in any way in the question should, of course, not be heard before the court. While there is no ruling to the effect that an application for letters of administration must show that the applicant is an heir at law or a creditor, or for some other reason entitled to the administration, it would seem that the principle at the foundation of the ruling above referred to would apply in such a case. Except in those cases where the law authorizes the county administrator or the clerk of the superior court to

be appointed administrator upon an estate, the law does not recognize the right of any one to be appointed administrator, unless he is an heir at law of the decedent, or a creditor of the estate, or otherwise interested therein as legatee or devisee, or has been selected by a majority of the heirs at law as administrator, or has been associated as coadministrator with one who is entitled to the administration for some one or more of the reasons just referred to. Civil Code [1895], § 3367. No other person than those just referred to is entitled to be appointed administrator; and it would seem that no other person should be allowed to file an application for letters of administration, and thus involve the estate and those interested therein in the expense necessary to determine whether an administration is necessary or to defeat the application of a mere intermeddler. If the heirs and creditors and all other persons interested in the estate are satisfied to allow the same to go unrepresented, it is no concern of one who has no interest whatever in the estate. In the present case the application does not allege that the applicant has any interest whatever in his own right in the estate, or that he represents, either as next friend or otherwise, any one who is interested in the estate. He does not show upon the face of his application that he has any right to bring before the court the question as to whether administration should be had upon the estate. The section of the code which requires that every application made to the ordinary must state ' the ground of such application,' when applied to a petition for letters of administration, means that the applicant must show in his application that he has such an interest in the estate, either in his own right or as the representative of some other person, as would authorize him to bring the estate before the court in order that it might determine whether there should be representation thereon."

Judgment affirmed. Broyles, C. J., and Luke, J., concur.