## No. 12,551.

### ROSENBOOM *v.* CLINE ET AL.

(6 P. [2d] 453)

Decided November 16, 1931.   Rehearing denied December 21, 1931.

Messrs. Van Cise & Robinson, Mr. J. E. Robinson, for plaintiff in error.

Mr. Foster Cline, Mr. W. B. King, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the court.

In the district court of Jefferson county, Virgil Massie was charged with, and convicted of, the murder of his wife, Katie Massie, and sentenced to life imprisonment in the state penitentiary. His attorneys were and are defendants in, error, Carl Cline and Bryan Whitehead. Subsequent to Katie Massie's death, Virgil Massie delivered to his attorneys certain promissory notes secured by mortgages on Illinois farm lands executed by certain brothers and sisters-in-law of the deceased, payable to the order of the Marine Trust Company of Carthage and by it assigned or endorsed in blank.

Cline and Whitehead claim ownership of the notes through Virgil Massie. Frances Rosenboom, plaintiff in error, mother and sole heir at law of Katie Massie, deceased, contends that the notes were owned by her daugh-

ter at her death and constitute a portion of her estate. In an effort to determine ownership, the attorneys and Virgil Massie petitioned the county court of Jefferson county to appoint an administrator of the estate of Katie Massie, deceased, and defendant in error, Joseph Dennis, was appointed and qualified as such administrator.

Thereafter the petition of Frances Rosenboom to vacate the appointment and dismiss the proceedings was granted. The order of the district court reversed the county court and reinstated the administrator.

The plaintiff in error seeks a reversal of the decree of the district court on the following propositions: "1. That administration was improper against the protest of the sole heir, there being no debts. 2. That the parties who attempted to invoke the jurisdiction of the county court were strangers to the estate and had no right to interfere therein, especially for the purpose shown in the record. 3. That the existence of taxes, either inheritance or general, if in fact any existed, could not be used to require administration, nor to continue the administration so improperly invoked."

1. Section 5222, C. L. '21, provides: "Administration shall be granted to the husband or the widow or next of kin of an intestate, or some of them, if they will accept the same and are not disqualified, but in all cases the husband or widow shall have the preference; but if no husband, widow or other relative of the intestate shall apply within twenty days from the death of such intestate, the county court may grant administration to any creditor who shall apply for the same; and in case no such application be made by any creditor within ten days next ensuing the lapse of said term of twenty days as aforesaid, or in case of the filing in such court by the husband, widow or next of kin, a written relinquishment of his or her right to administer said estate, administration may be granted to such person as the county judge may think will best manage the estate." This section

4

gives husband, widow or next of kin a preferential right of administration. If none of these applies, a creditor is granted such right, and if no creditor appears, the "administration may be granted to such person as the county judge may think will best manage the estate." Undoubtedly the legislature intended, in the event no application was filed by anyone having a preferential right, to invest the county court with discretionary power to grant or deny administration.

The personal property here involved is held by Cline and Whitehead and within the jurisdiction of the court. If it is determined that Katie Massie was the owner thereof at her death, the court can proceed with its distribution according to law. Cline and Whitehead, residents and citizens of Colorado, are entitled to have this controversy determined in Colorado. Their petition in the county court seeking the appointment of an administrator discloses the situation and the controversy arising. In these circumstances, the county court did not abuse its discretion by appointing an administrator.

2. Counsel argues that Cline and Whitehead had no right to invoke administration because strangers to the estate and in support thereof cite numerous cases from other jurisdictions. In view of the express provision of the statute granting the county court the discretionary right as above set forth to appoint an administrator, these cases are inapplicable. If an administrator is so appointed, it would appear to be immaterial who presents the petition and facts as a result of which the administration is granted.

3. In view of the foregoing, it is unnecessary to determine whether administration could be invoked or continued merely because of the nonpayment of inheritance or general taxes chargeable to the estate.

Judgment affirmed.

MR. JUSTICE CAMPBELL not participating.

Mr. Justice Butler concurring.

I concur in the affirmation of the judgment, but not in the reason stated in the opinion of the court.

1. To justify the administration of an estate the deceased must have left some estate (assets) to be administered. That this is so, clearly appears from a reading of our statutes on the subject. Thus, section 5219, C. L., designates the counties wherein the administration "of all estates" may be had. Other sections provide for the appointment of administrators "of estates," and direct the manner in which the assets shall be administered. Both Massie and his lawyers applied for the appointment of an administrator. Massie, claiming to be the owner of the notes, had delivered them to his lawyers, who thereafter claimed to be the owners.

The petition having disclosed that there were no assets belonging to the estate, administration should have been refused by the county court.

2. Those who petitioned for administration were neither heirs nor creditors. Though Massie was the husband of the deceased, he could not have taken any of his wife's property "by descent, devise, inheritance, or any other manner," because he was convicted of murdering his wife. S. L. 1923, c. 195. The petitioners would have had no interest in the estate, had there been any assets to administer. That the court, in such circumstances, should not have appointed an administrator upon their application, is clear. *Stanley v. Metts,* 169 Ga. 101, 149 S. E. 786; *Williams v. Williams,* 113 Ga. 1006, 39 S. E. 474; *Shipman v. Butterfield,* 47 Mich. 487, 11 N. W. 283; *Breen v. Pangborn,* 51 Mich. 29, 16 N. W. 188; *Haug v. Primeau,* 98 Mich. 91, 57 N. W. 25; *Diem v. Drogmiller,* 158 Mich. 380, 122 N. W. 637; *Unknown Heirs of Langworthy v. Baker,* 23 Ill. 484; *Towner v. Griffin,* 115 Ga. 965, 42 S. E. 262; *Burkhalter v. Waters,* 28 Ga. App. 296, 111 S. E. 73; *Wiesmann v. Daniels,* 114 Wis. 240, 243, 90 N. W. 162.

3. The court says that section 5222, C. L., gave the county court "discretionary power to grant or deny administration." But, as I understand that section, it deals solely with the appointment of administrators. It gives to certain persons a preferential right to be appointed administrator, and provides that where no such person applies, or, in case of the relinquishment of such preferential right "*to administer*" the estate, administration may be granted "to such person as the county judge may think will best *manage the estate.*" The section does not authorize the court, in its discretion, to grant administration where the decedent has left no assets to administer; or, where the decedent owned property at the time of his death, upon application of one who has no interest therein and is not a creditor.

4. For the following reasons, however, the judgment, in my opinion, is properly affirmed.

In her verified petition for the removal of the administrator the plaintiff in error stated that Katie Massie, at the time of her death, owned and was in possession of the promissory notes in question, and that the petitioner is the mother and sole heir at law of the deceased. The court thus became aware of the fact that, if the petitioner's sworn statements were true, there was property to administer, and, further, that there was an inheritance tax due the state. S. L. 1927, c. 114. True, as claimed by the plaintiff in error (a nonresident of the state), the attorney general could sue her for the tax, without any administration of the estate. But that is not the only method provided for the collection of the tax. The statute provides that the tax shall be a lien upon the property inherited; that administrators shall be personally liable for the tax up to the value of the property received by them; that the tax is to be paid to the state treasurer in accordance with the county court's assessment order; and that the administrator must deduct the amount of the tax from the property. S. L. 1927, c. 114.

Counsel for the plaintiff in error suggest that the in-

heritance tax "could not be * * * in excess of approximately eighty dollars, and would seem to justify the application of the maxim de minimis non curat lex." It seems to me, however, that an amount of money sufficient to purchase 1,600 loaves of bread does not come within that maxim.

While the administration proceedings were pending the county treasurer filed a claim against the estate for delinquent general taxes for three years, amounting to $925.60, alleging that the taxes could not be collected unless the estate be administered in Colorado, and praying that the county court retain control of and jurisdiction over the administration of the estate.

Although administration should not have been granted upon the applications of Massie and Cline and Whitehead, when it later was made to appear that there were assets belonging to the estate, that there was a tax due upon the inheritance, and that there were delinquent general taxes upon the property, the county court should not have dismissed the administration proceedings, but should have retained jurisdiction and awaited the termination of the suit brought by the administrator against Cline and Whitehead to recover possession of the notes in controversy, which suit was pending in the district court.

The judgment of the district court is right and its affirmance proper.