MILNER, administrator, *v.* ALLGOOD.

BELL, Justice. 1. "If an original deed is lost, a copy may be established by the superior court of the county where the land lies, and, when so established, shall have all the effect of the original." Code, § 29-113. This law was in force at the times of the transactions and proceedings under consideration in the instant case. See Code, § 63-203 et seq.

2. In a proceeding to establish an alleged lost deed an administrator of the alleged grantor, since deceased, is a proper party defendant, and a judgment therein establishing the deed is not invalid as to heirs at law because they were not parties to such proceeding. If the estate was duly represented by an administrator, and the judgment was otherwise regular, the heirs would be bound by the judgment against such administrator. A fortiori, the judgment would be binding against a subsequent administrator of the same estate, as the administrator de bonis non, who is the sole plaintiff in the present case. Code, §§ 85-501, 113-901, 113-907, 113-908; *Gunn* v. *James,* 120 *Ga.* 482 (48 S. E. 148); *Greenfield* v. *M'Intyre,* 112 *Ga.* 691 (38 S. E. 44); *James* v. *Maddox,* 153 *Ga.* 208 (4) (111 S. E. 731); *Barclay* v. *Kimsey,* 72 *Ga.* 725; *Willingham* v. *Watson,* 165 *Ga.* 870, 872 (142 S. E. 458).

3. Where an application for appointment of an administrator was made by one alleging himself to be a creditor, and upon the hearing, after due

citation, the ordinary did not appoint the applicant, but did appoint another person as to whose right to the appointment, whether as a creditor or otherwise, the record is silent: *held*, as against a mere collateral attack, that the appointment is presumed to have been properly made, and the appointee is to be treated as the lawful administrator. Code, § 113-1213 *Beale* v. *Hall*, 22 *Ga.* 431 (2); *Barclay* v. *Kimsey*, 72 *Ga.* 725; *Langmade* v. *Hamilton*, 89 *Ga.* 441 (15 S. E. 535); *Stuckey* v. *Watkins*, 112 *Ga.* 268 (37 S. E. 401, 81 Am. St. R. 47); *Jepson* v. *Martin*, 116 *Ga.* 772 (43 S. E. 75); *Jones* v. *Smith*, 120 *Ga.* 642 (48 S. E. 134); *Medlin* v. *Downing Lumber Co.*, 128 *Ga.* 115 (57 S. E. 232); *Wash* v. *Dickson.* 147 *Ga.* 540 (94 S. E. 1009); *McCowen* v. *Flanders*, 155 *Ga.* 701 (2) (118 S. E. 351). The present case is distinguished by its facts from *Towner* v. *Griffin*, 115 *Ga.* 965 (42 S. E. 262), where the application for appointment was attacked in limine. Compare *Burkhalter* v. *Waters*, 28 *Ga. App.* 296 (111 S. E. 73).

4. Under the foregoing rulings, the certified copy of the alleged established lost deed, when considered with the proceedings had in the superior court for its establishment, was admissible in evidence over objections that the order purporting to establish the deed did not appear to have been passed in any case of which the superior court had jurisdiction, that the heirs at law of the alleged deceased grantor were not parties, and that defendant in such proceeding was not the lawful administrator of such grantor. If such certified copy was not admissible merely on basis of the order purporting to establish the lost original, any error in allowing its introduction was cured when the objecting party introduced the entire proceeding, from which it appeared that the alleged lost deed was duly established in conformity with the statute. *Shaw* v. *Jones*, 133 *Ga.* 446 (5) (66 S. E. 240).

5. The judgment establishing a copy of the alleged lost original constituted a conclusive determination that a genuine original had in fact existed as the act and deed of the alleged grantor, and, as an adjudication to that effect, was binding upon the parties in that proceeding, and upon heirs at law of the alleged deceased grantor, where his administrator was a party defendant therein. *Cobb* v. *Cobb*, 10 *Ga.* 445 (2); *Neely* v. *Carter*, 96 *Ga.* 197 (3) (23 S. E. 313); *Graham* v. *Graham*, 137 *Ga.* 668 (1-*a*) (74 S. E. 426).

6. Upon the trial of an action by an administrator de bonis non, to recover a described tract of land as a part of the estate of his intestate, the defendant relied on and introduced a certified copy of an alleged established lost deed claimed to have been executed by the intestate. The plaintiff filed an affidavit alleging that "the deed purporting to be" so executed "is a forgery." Upon a separate trial of the issue thus made, the jury found the deed genuine. The evidence showing without dispute that the alleged lost deed had been duly established in a proceeding against a previous administrator of the same intestate, it was not permissible for the plaintiff to go behind the judgment so rendered, and raise anew the issue as to the genuineness of the deed by the filing of such affidavit of forgery. It follows that the evidence demanded the verdict in favor of the genuineness of the deed, and that errors, if any, in the charge of the court to the jury, relating to that issue, were harm-

290

less. *Brunswick Grocery Co.* v. *Brunswick & Western Railroad Co.,* 106 *Ga.* 270 (3) (32 S. E. 92, 71 Am. St. R. 249); *Steele* v. *Graves,* 160 *Ga.* 120 (5) (127 S. E. 465).

7. It appearing from the record that the genuineness of the deed alleged to have been made by the plaintiff's intestate was the sole question for determination upon the trial, and that issue having been established conclusively and as a matter of law in favor of the defendant, the court did not err, after verdict against the affidavit of forgery, in directing the verdict in favor of the defendant in the main trial, or in subsequently overruling the plaintiff's motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 11649. APRIL 14, 1937.

*Winfield P. Jones* and *Louis H. Foster,* for plaintiff.
*O. J. Coogler,* for defendant.