REYNOLDS *et al. v.* DORSEY, executor, *et al.*

No. 13802.   JULY 9, 1941.

*Dorsey T. Davis* and *Robert B. Blackburn,* for plaintiffs in error. *Thomas M. Stubbs,* contra.

DUCKWORTH, Justice. ■ Exception is taken to the judgment overruling the demurrers to the application of the ex-officio executor for extra compensation and attorney's fees, and to the award of compensation and attorney's fees. In the argument the jurisdiction of the superior court is challenged. It is insisted that the ordinary has exclusive jurisdiction in the matter of allowing extra compensation. The Code, § 113-2008, declares: "In other cases of extraordinary services, extra compensation may be allowed by the ordinary, but in no case is the allowance of extra compensation by the ordinary conclusive upon the parties in interest." The plaintiffs in error contend that this Code section has been construed to mean that the court of ordinary alone has authority to allow extra compensation. They cite *McKinney* v. *Powell,* 149 *Ga.* 422 (100 S. E. 375); but that decision does no more than hold that no grounds were shown by the record for equity to interfere with the administration of the estate, and that the action was properly dismissed on demurrer. Equity assumed jurisdiction in the present case on the petition of the legatees, and by decree completed the administration of the entire estate. Thus having jurisdiction of all the parties, it had jurisdiction to pass such orders as would do complete justice in the case, and to this end it was empowered to determine the questions made by the application for extra compensation and attorney's fees. *Adair* v. *St. Amand,* 136 *Ga.* 1 (6) (70 S. E. 578); *Hosher* v. *Fitzpatrick,* 146 *Ga.* 525 (4) (91 S. E. 780); *Greenwood* v. *Greenwood,* 178 *Ga.* 605 (3) (173 S. E. 858); *Citizens & Southern National Bank* v. *Fleming,* 181 *Ga.* 116 (3) (181 S. E. 768).

■ In the second place it is contended that, if the court had jurisdiction, the facts set forth in the application and the evidence on the hearing did not authorize the award of compensation to the executor and fees for the attorney representing him. On the former appearance in this court (188 *Ga.* 218, supra) it was held that the fund involved in this litigation was prima facie an asset of the Gann estate. It was therefore not confused or mingled with other property, and necessitated neither extensive inquiry on the part of the representative nor legal advice to determine its proper disbursement. The extraordinary services claimed consist in the main of writing some letters and discussions with the attorney who represented the first executor, to determine the proper parties to whom this money should be paid. Of course it is shown that inquiries were made at other banks in an effort to locate other assets, and that an examination of the deed records was made; but this is no more than the usual and ordinary duties devolving upon any representative of an estate. Both the application and the evidence failed to show any ground for awarding extra compensation to the executor for extraordinary services rendered by him. However, Dorsey by qualifying as the executor of an executor became the executor of the first testator (*Burch* v. *Burch,* 19 *Ga.* 174; *Windsor* v. *Bell,* 61 *Ga.* 671 (3); *Jepson* v. *Martin,* 116 *Ga.* 772 (2), 43 S. E. 75), and as such he was entitled to the commission allowed by law for paying out this fund, and to the extent of this commission the award of compensation was authorized.

We think the facts as shown by the record fail completely to justify payment of attorney's fees. The claim to this fee is predicated mainly upon the fact that the attorney prepared and filed in behalf of the executor a petition for direction. This petition was immediately abandoned, and instead the same attorney filed a defense to the suit against the executor, brought on behalf of the heirs and legatees of Gann. In this defense his services were wholly in opposition to the Gann estate, and solely in behalf of the Garraux estate. In such circumstances he should look to the latter estate for compensation for his services. It is provided in the Code, § 113-1522, that an administrator may provide competent legal counsel for the estate, according to the needs of such estate; but the facts in this case show no need for the services of an attorney, and the portion of the judgment awarding attorney's fees was unau-

thorized. Since that portion of the application seeking the regular commission stated a cause of action, it was not error to overrule the general demurrer. All the grounds of special demurrer relate to the portions of the application seeking extra compensation and attorney's fees, and therefore it is unnecessary to render a decision on the exception to the judgment overruling the special demurrers. The final judgment is erroneous to the extent of the extra compensation and attorney's fees contained therein. Accordingly, that judgment is affirmed with direction that these amounts be written off, leaving only the commission of two and one-half per cent. of the total amount disbursed by the executor. Let the costs in this court and in bringing the case to this court be taxed against the defendants in error.

*Judgment affirmed, with direction. All the Justices concur.*