33252. COVINGTON *et al.*, administrators, *v.* ANDERSON, executrix.

Decided November 4, 1950.

624

*Leon & Dean Covington,* for plaintiffs in error.

*Archibald A. Farrar,* contra.

GARDNER, J. The court did not err in ruling that the defendants, administrators of the estate of Fielding G. Smith, were the only necessary parties defendant to this action. See *Milner* v. *Allgood,* 184 *Ga.* 288(2) (191 S. E. 132). No purpose could be served by making the heirs at law of the deceased Fielding G. Smith parties. The defendants were the administrators of said decedent.

The defendants contend that the court improperly ruled that it was not the intention of the parties to the deed of September 26, 1933, whereby Mrs. Agnes S. Dean quitclaimed to Fielding G. Smith, her interest in any property of the deceased, Julia A. Smith, who left a will, and under and by virtue of which will said Mrs. Dean was a legatee and devisee, to convey to said Fielding G. Smith, her title to the property, which she had acquired from him as executor of Mrs. Julia A. Smith in 1906 by purchasing the same for $6000. Mrs. Dean obtained this property by outright purchase and not as a legatee or devisee of Mrs. Smith. The purpose of the quitclaim deed of September 26, 1933 was to release to Fielding G. Smith any title, right and in-

terest which Mrs. Dean might have had in any of the property of the estate of Mrs. Smith which he held as such, and same did not and could not very well include the title to property which Mrs. Dean had purchased outright from the executor in 1906, paying therefor a purchase-price of $6000. It is clear that the court properly ruled that such was not the intention of the parties to said quitclaim deed of September 26, 1933. It appears that Mrs. Dean was a daughter of Mrs. Smith; that as a legatee and devisee under the latter's will, Mrs. Dean in 1904 acquired one fifth of her mother's estate; that thereafter in 1906 she purchased the home place from her brother, the executor, Fielding G. Smith, paying the sum of $6000 for the same; and that thereafter in 1933, Mrs. Dean quitclaimed to said executor any right or interest in any property that "belonged to Julia A. Smith," who died testate, "under and by virtue of [Mrs. Dean's] being a legatee and devisee under the will of said Mrs. Smith." At this time, the title to the property known as "Coligni" was in Mrs. Dean as a purchaser, not as a devisee of her mother. It is evident that she did not include in the quitclaim deed her title to any property to which she held the title by purchase from the executor of her mother, but only any right, title, or interest she might have had in any property of the estate of her mother, which she might have had as a devisee or legatee of her mother. There was yet some property of the estate in the possession of the executor, which had not been administered. Any right or claim as to same, she quitclaimed to Fielding G. Smith. At this time, her deceased mother's estate did not include "Coligni," but Mrs. Dean owned the same outright by purchase from her mother's executor, Fielding G. Smith. She did not receive this property as a devisee of her mother. In these circumstances, it is clear that neither this property nor any right, title or interest therein was intended by the parties to be included in the quitclaim deed of September 26, 1933, by Mrs. Dean to Fielding G. Smith, and the trial judge properly overruled the demurrer of the defendants thereto, and did not err in rendering the declaratory judgment in this case.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*